STATE OF HAWAII, Plaintiff-Appellee, *v.* DANIEL MUN CHUNG TOM, Defendant-Appellant

NO. 12341

(DISTRICT COURT NUMBER:   T87-4969)

APRIL 11, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The issue on appeal is whether a Deferred Acceptance of No Contest (DANC) plea, Hawaii Revised Statutes (HRS) Chapter 853, is available in Driving Under the Influence (DUI) cases under HRS § 291-4. The trial court, after hearing and briefing on the issue, denied the request for the DANC plea.

I.

Defendant-Appellant Daniel Mun Chung Tom was arrested on April 2, 1987 for DUI and for failing to submit to a breath test in violation of the implied consent statute, HRS § 286-155. He en-

tered a no contest plea for the DUI charge in exchange for the State's nolle prosequi of the implied consent violation. After the trial court accepted the plea, Tom orally moved for a DANC plea. After receiving memoranda from the parties, the trial court orally denied the motion for a DANC plea. Tom's execution of sentence has been stayed pending appeal.

## II.

The grant or denial of a motion for a DANC or Deferred Acceptance of Guilty plea is within the discretion of the trial court and will not be disturbed unless there has been manifest abuse of discretion. *State v. Karwacki,* 1 Haw. App. 157, 159-60, 616 P.2d 226, 228 (1980).

The trial court ruled it was beyond its discretion to grant DANC; it relied on several grounds in refusing to allow the plea. The court held that HRS § 853-4(5) indicates that a DANC plea is not available in cases involving nonprobationable offenses; that the provisions of HRS § 291-4 call for mandatory sentencing without the possibility of probation; that *State v. Rice,* 66 Haw. 101, 657 P.2d 1026 (1983), supports this interpretation; and finally, that allowing a DANC plea could avoid the DUI enhanced sentencing scheme.

HRS §§ 853-4(4) and 853-4(5) state, "[t]his chapter shall not apply when: . . . (4) The offense charged is a class A felony; (5) The offense charged is nonprobationable." HRS § 291-4(b) provides that "[a] person committing the offense of driving under the influence of intoxicating liquor shall be sentenced as follows without possibility of probation or suspension of sentence."

Tom argues that HRS § 853-4(5) is meant to be read in conjunction with HRS § 853-4(4), and therefore, that the restriction is upon nonprobationable class A felonies. This interpretation is without merit. HRS § 853-4 provides twenty-four exceptions to application of the statute, all separated by semicolons. Thus, there is no basis for claiming that only sections (4) and (5) are to be read conjunctively. Further, if all the sections are read together, the chapter would never be applied. Statutes must be read so as to give them effect. *Levy v. Kimball,* 51 Haw. 540, 545, 465 P.2d 580, 583 (1970).

In *State v. Rice, supra,* we held that a DAG plea was not available in a prostitution case. The statutory language of HRS § 712-1200(4) regarding sentencing in prostitution cases states that a sentence would be imposed according to the statute "[n]otwithstanding any other law to the contrary[.]" The language of HRS § 291-4(b) states that a person convicted "shall be sentenced as follows without possibility of probation[.]"

Although the language of the prostitution statute is more explicit in limiting the sentence to that provided within the statute, the language of the DUI statute is sufficiently clear in mandating the sentence to be imposed. The analogy of *Rice* to the case at bar is especially apt as both statutes involve an enhanced sentencing scheme for multiple offenses.

The trial court also denied the plea on the basis of the sentencing scheme in the DUI statute. HRS § 853-1(b) provides that "[t]he proceedings may be deferred upon any of the conditions specified by § 706-624 [conditions of suspension of sentence or probation]. The court may defer the proceedings for such period of time as the court shall direct *but in no case to exceed the maximum sentence allowable.*" (Emphasis added). Under HRS § 291-4 the maximum sentence permitted is six months. Thus, any conditions accompanying the DANC plea could last for only six months. The DUI statute provides for an enhanced sentencing scheme for multiple offenses within a five year period. A repeat offender given a DANC plea on the first offense could thus escape enhanced sentencing under the DUI statute by committing a second offense after DANC jurisdiction had expired but within the five year period of the DUI sentencing scheme. This result would contravene the recognized serious nature of a DUI offense. *State v. Leatiota,* 69 Haw. ____, 739 P.2d 930 (1987).

We find no error of law by the trial court and affirm the denial of the DANC plea.

Affirmed and remanded for execution of sentence.

*Christopher R. Evans* for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney (*Mary Shin,* Law Clerk, with him on the brief) for plaintiff-appellee.