952 P.2d 390

**STATE of Hawai'i, Petitioner,**

v.

**Ruby A. HAMILI, Judge, District Court of the Second Circuit, State of Hawai'i, Respondent.**

**No. 21154.**

Supreme Court of Hawai'i.

March 23, 1998.

J. Kevin Jenkins, Deputy Prosecuting Attorney, on the briefs, for petitioner.

Stephen E. Pike, on the briefs, Wailuku, for respondent in opposition.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

PER CURIAM.

In this original proceeding, the petitioner State of Hawai'i (the prosecution) petitions this court to issue a writ of mandamus and/or prohibition directing the respondent Judge Ruby A. Hamili (the respondent judge), District Judge of the Second Circuit, to vacate her order granting the defendant-respondent Wilfredo Felix's deferred acceptance of no contest plea (DANC plea), and ordering the respondent judge to resentence Felix in accordance with Hawaii Revised Statute (HRS) § 188–70 (1993).

Based upon the following, we conclude that HRS § 188–70 provides for mandatory sentencing and that the respondent judge manifestly abused her discretion by granting a DANC plea. Accordingly, the DANC plea is vacated, and this matter is remanded to the district court for resentencing in accordance with this opinion.

## I. *BACKGROUND*

On March 28, 1997, Felix was cited for Prohibited Fishing with Gill Nets, in violation of HRS § 188–30.2(a)(2)(1993)[1] and given a court appearance of May 6, 1997. On that date, Felix appeared in the District Court of the Second Circuit before the respondent judge. After questioning by the respondent judge, Felix, who was proceeding pro se, entered a plea of no contest. Because this was Felix's first offense, the respondent

---

**1.** HRS § 188–30(a)(2) makes it illegal to leave a gill net in the water for a period of more than four hours in any twenty-four hour period.

judge asked if there was a motion for a DANC plea. The prosecution objected to the DANC plea on the grounds that the penalty statute for prohibited fishing with a gill net contained enhanced sentencing for a second offense, and, thus, a DANC plea would be an illegal sentence. After accepting the DANC plea, the respondent judge instructed the prosecution to file a motion addressing the issue.

On May 22, 1997, the prosecution filed a motion to correct the illegal sentence, citing *State v. Dannenberg,* 74 Haw. 75, 837 P.2d 776 (1992).[2] At the hearing on July 17, 1997, Felix was represented by counsel, who argued that *Dannenberg* was inapplicable to Felix's sentence because that decision dealt with a prostitution statute, which prescribed a mandatory minimum sentence. Following the hearing, the respondent judge denied the prosecution's motion and allowed the DANC plea and its accompanying conditions—which included one month's probation, a prohibition against further law violations during the period of probation, and a fine of $25.00—to stand.

The prosecution now petitions this court to order the respondent judge to vacate the DANC plea and sentence Felix in accordance with HRS § 188-70.

## II. *STANDARD FOR DISPOSITION*

■ A writ of mandamus and/or prohibition will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of other means to redress the alleged wrong or obtain the requested action. *Straub Clinic & Hospital v. Kochi,* 81 Hawai'i 410, 414, 917 P.2d 1284, 1288 (1996). Such writs are not meant to supersede the legal discretionary authority of the lower courts, nor are they meant to serve as legal remedies in lieu of normal appellate procedures. *Id.* Where the court has discretion to act, mandamus will not lie to control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act. *Id.* In *State v. Oshiro,* 69 Haw. 438, 441, 746 P.2d 568 (1987), this court held that HRS § 641-13 does not confer authority upon the prosecution to appeal from the granting of a deferred acceptance of guilty (DAG) or DANC plea. Because the prosecution cannot appeal from the granting of a DANC plea, a petition for writ of mandamus is the appropriate method for the prosecution to seek review of DANC pleas where it believes the trial court acted without statutory authority to accept such a plea. *Dannenberg,* 74 Haw. at 78–79, 837 P.2d at 778; *State v. Oshiro, supra.*

## III. *DISCUSSION*

■ The sole issue in this proceeding is whether the sentencing structure for prohibited fishing with a gill net prohibits a DANC plea. HRS § 188-70(a) sets forth the penalties for violating the provisions of HRS chapter 188 and provides as follows:

**188-70 Penalties.** (a) Any person violating any provision of this chapter, excepting section 188-23, or any rule adopted pursuant thereto is guilty of a petty misdemeanor and upon conviction thereof *shall be punished as follows:*

(1) For a first conviction, by a fine of not more than $500, *or* by imprisonment of not more than thirty days, *or* both;

(2) For a second conviction within five years of a previous conviction by a fine not less than $100 nor more than $500, *or* by imprisonment of not more than thirty days, *or* both;

(3) For a third or subsequent conviction within five years of the first two or more convictions, by a fine of not less than $300 nor more than $500, *or* by imprisonment of not more than thirty days, *or* both.

(emphases added).

The prosecution contends that the foregoing sentencing scheme, which provides for an

---

2. In *State v. Dannenberg,* this court held that the trial court had no discretion to grant a deferred plea in a prostitution case because the prostitution statute, HRS § 712-1200, contained a mandatory sentencing structure.

enhanced fine for subsequent offenses, prohibits the trial court from granting a DANC plea. In support of its position, the prosecution cites *State v. Tom*, 69 Haw. 602, 752 P.2d 597 (1988), in which this court held that the trial court could not accept a DANC plea in a DUI case, and *State v. Dannenberg, supra*, in which this court held that the trial court could not accept a DANC plea in a prostitution case.

Felix concedes that a DANC plea is not available in a DUI case and was not available in a prostitution case at the time this court issued its opinion in *Dannenberg*. He contends, however, that the holdings in the cited cases are limited to the offenses charged therein. Felix urges this court to limit *State v. Tom* and *State v. Dannenberg* to the specific statutes applicable in each case.

HRS chapter 853 set forth the procedure for the acceptance of a DAG or DANC plea.[3] In *State v. Tom*, the defendant appealed from the trial court's refusal to grant a DANC plea in a DUI case under HRS § 291–4(b). The trial court ruled that: (1) it lacked the discretion to grant a DANC plea because HRS § 853–4(5) provided that such a plea was not available in cases involving nonprobational offenses; (2) the sentencing provisions of HRS § 291–4 called for mandatory sentencing without the possibility of probation, and (3) allowing a DANC plea in DUI cases would enable a defendant to avoid the enhanced sentencing scheme mandated by the DUI statute.

On appeal, this court held that the trial court had not erred by denying the DANC plea because "HRS § 291–4(b) states that a person convicted [of driving under the influence of intoxicating liquor] 'shall be sentenced as follows without the possibility of probation,'" and HRS § 853–4(5) specifically provided that it was inapplicable in nonprobationary cases. *Tom*, 69 Haw. at 604, 752 P.2d at 598.

After holding that the plain language of the statutes involved prohibited the grant of a DANC plea in a DUI case, this court additionally held that the DUI statute contained an enhanced sentencing provision that would be contravened if a DANC plea were allowed. *Id.*

This court reviewed a DANC plea again in *State v. Dannenberg*. In *Dannenberg*, the trial court granted a DANC plea in a prostitution case, which was charged under HRS § 712–1200. The prosecution filed a petition for writ of mandamus and/or prohibition, arguing that the trial court had erred by allowing the deferred plea.

At the time of the offense, HRS § 712–1200(4) set forth the sentencing scheme in prostitution cases and provided in relevant part that "[n]otwithstanding any other law to the contrary, a person convicted of committing the offense of prostitution shall be sentenced as follows[.]" In considering the relevant statutory language, this court stated:

> In *State v. Rice, supra* we interpreted "[n]otwithstanding any other law to the contrary[ ]" in the above statute as language "taking away [the trial court's] power to grant deferred acceptance of guilty pleas in prostitution cases." 66 Haw. [101] at 102, 657 P.2d [1026] at 1026 [(1983)]. Today we reaffirm that holding and clarify our reasoning.

*Dannenberg*, 74 Haw. at 80, 837 P.2d at 778 (brackets in original). Agreeing with the defendant that the statutory language may be ambiguous, we reviewed the relevant legislative history, which specifically provided for mandatory sentencing in prostitution

---

**3.** HRS § 853–1 (1993) provides in relevant part:
**Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of record.** (a) Upon proper motion as provided by this chapter:
(1) When a defendant pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
(2) It appear to the court that the defendant is not likely again to engage in a criminal course of conduct; and

(3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,
the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

cases, and concluded that the legislature had intended to require the imposition of a mandatory sentence.[4] This court reasoned that if trial courts were permitted to grant DANC pleas, the mandatory fine for first-time offenses anticipated by the legislature would become no more than a discretionary fine.

In addition to considering the relevant statutory language, this court also looked at the sentencing statute, which required an enhanced sentence for repeat offenders. Citing *State v. Tom, supra,* this court noted that

> [T]he entry of DANC and DAG pleas for offenses which carry enhanced mandatory sentencing provisions for repeat offenders could permit those offenders to escape the enhanced sentence where they commit a subsequent crime after the DANC or DAG jurisdiction has expired. Adopting Defendant's analysis would permit a court to enter DAG or DANC pleas every 366 days, as the previous DANC or DAG time period expired, and thus allow [a] [d]efendant to avoid the provisions of the repeat offender provision regardless of multiple offenses.

*Dannenberg,* 74 Haw. at 82–83, 837 P.2d at 779 (footnote omitted).[5]

HRS § 188–70(a), the sentencing provision at issue in the instant case, does not contain language specifically prohibiting the possibility of probation or suspension of sentence, as does the HRS § 291–4, the DUI statute. Nor does it contain the "notwithstanding any other law to the contrary" language, as in the former prostitution sentencing provision.

█ Furthermore, the three levels of sentencing set forth in HRS § 188–70 do not provide for enhanced sentences for repeat offenders. HRS § 188–70(a)(1) provides that a person violating the statute shall be punished *either* by a fine of up to $500 (no minimum fine required), *or* by a term of imprisonment of up to thirty days, *or* both, in the trial court's discretion. Although HRS § 188–70(a)(2) provides that where the sentencing court imposes a fine for a second-time offender, the fine can be no less than $100, it does not require the sentencing court to impose a fine. The sentencing court, in its discretion, can forego the imposition of a fine and impose a jail term of up to thirty days with no minimum term, which is exactly the same sentence as that for a first-time offender. Similarly, HRS § 188–70(a)(3) provides for an enhanced minimum fine of $300 for a third offense in five years, but, again, the sentencing court, in its discretion, can forego the fine and impose a jail term of up to thirty days with no minimum sentence, which is

---

4. This court based its conclusion on the following:

> At present, courts have full discretion in sentencing, and your Committee finds that fines imposed on persons convicted of prostitution average $100 per offense. Less that six per cent of the cases impose sentences of imprisonment.
>
> . . . .
>
> The bill provides that persons convicted of prostitution for the first time be mandatorily fined $500 and may also be sentenced for a term of not more than 30 days. Thus, the judge, in the case of a first offense, is mandated to impose a fine of $500 and has the discretion to impose a sentence of imprisonment up to 30 days.
>
> . . . In subsequent offenses, the court is mandated to impose the sentence of imprisonment and a fine of $50 without the possibility of suspension or probation.

*Dannenberg,* 74 Haw. at 81, 837 P.2d at 779 (quoting Sen. Conf. Comm. Rep. No. 15, in 1981 Senate Journal, at 907).

5. After the issuance of *Dannenberg,* the legislature amended HRS § 712–1200(4) in 1993 to allow for the acceptance of DANC or DAG pleas. The legislature eliminated the "notwithstanding

any other law to the contrary" language and amended the statute as follows:

> (4) A person convicted of committing the offense of prostitution shall be sentenced as follows:
>
> (a) For the first offense, where the court has not deferred further proceedings pursuant to chapter 853, a mandatory fine of $500 and the person may be sentenced to a term of imprisonment of no more than thirty days . . .;
>
> (b) For the subsequent offense, a fine of $500 and a term of imprisonment of thirty days, without possibility of further proceedings pursuant to chapter 853 and without possibility of suspension of sentence or probation.
>
> For the purpose of this subsection, if the court has deferred further proceedings pursuant to chapter 853, and notwithstanding any provision of chapter 853 to the contrary, the defendant shall not be eligible to apply for expungement pursuant to section 831–3.2 until four years following discharge. A plea previously entered by a defendant under section 853–1 for a violation of this section shall be considered a prior offense.

exactly the same sentence as that for first-time and second-time offenders. Thus, contrary to the prosecution's contention, there is no mandatory *enhanced* sentencing for repeat offenders.

■ As demonstrated, HRS § 188–70 does not contain an enhanced sentencing scheme for repeat offenders. Nevertheless, it still appears that a DANC plea is unavailable for persons convicted of violating the gill net fishing statute. After conviction, HRS § 188–70(a) provides that the person violating the statute *shall be punished* by a fine or a jail term or both. The use of the verb "shall" signals that this is a mandatory sentencing provision. *See, e.g., State v. Toyomura,* 80 Hawai'i 8, 21, 904 P.2d 893, 906 (1995) (construing the verb "shall" in HRS § 286–261(d) as mandating referral of persons whose driver's license have been administratively revoked to a certified substance abuse counselor for a needs assessment). There is no possible sentence apart from the three alternatives provided by the statute. The sentencing court has discretion in deciding which alternative is appropriate, but the court is limited to the choices provided. Because the sentencing court is limited to the alternatives expressly enumerated in HRS § 188–70, and probation is not an enumerated alternative, the offense for which the sentence is imposed is nonprobationable. Thus, HRS § 853–4(5), which provides that the DANC plea is not applicable where the offense charged is nonprobationable, prohibits the allowance of a DANC plea.

Although the applicable sentencing statute does not provide for enhanced sentencing for repeat offenders, it does mandate that a sentence be selected among three alternatives, which do not include probation. Consequently, the respondent judge manifestly abused her discretion by allowing Felix a DANC plea.

### IV. CONCLUSION

In consideration of the foregoing, the prosecution's petition for writ of mandamus and/or prohibition is granted and the DANC plea is vacated. This case is remanded to the District Court of the Second Circuit for resentencing in accordance with HRS § 188–70.