81 P.3d 408

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Faye A. SMITH, Defendant–Appellant.**

**No. 25726.**

Supreme Court of Hawai'i.

Dec. 26, 2003.

---

James M. Anderson, deputy prosecuting attorney, on the briefs, for plaintiff-appellee.

Thomas M. Otake, deputy public defender, on the briefs, for defendant-appellant.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by LEVINSON, J.

The defendant-appellant Faye A. Smith appeals from the judgment of the first circuit court, the Honorable Marie N. Milks presiding, filed on February 25, 2003, convicting her of and sentencing her for the offenses of promoting a dangerous drug in the third degree, in violation of Hawai'i Revised Statutes (HRS) § 712–1243 (1993 & Supp.2002) [1] (Count I), and unlawful use of drug paraphernalia, in violation of HRS § 329–43.5(a) (1993).[2] (Count II). Smith's sole contention on appeal is that the circuit court erred in sentencing her pursuant to HRS § 706–606.5 (1993 & Supp.2002) [3] and that the circuit

---

1. HRS § 712–1243 provides:

   **Promoting a dangerous drug in the third degree.** (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

   (2) Promoting a dangerous drug in the third degree is a class C felony.

   (3) Notwithstanding any law to the contrary, except for first-time offenders sentenced under section 706–622.5, if the commission of the offense of promoting a dangerous drug in the third degree under this section involved the possession or distribution of methamphetamine, the person convicted shall be sentenced to an indeterminate term of imprisonment of five years with a mandatory minimum term of imprisonment, the length of which shall be not less than thirty days and not greater than two-and-a-half years, at the discretion of the sentencing court. The person convicted shall not be eligible for parole during the mandatory period of imprisonment.

2. HRS § 329–43.5(a) provides:

   **Prohibited acts related to drug paraphernalia.** (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706–660 and, if appropriate as provided in section 706–641, fined pursuant to section 706–640.

3. HRS § 706–606.5 provides in relevant part:

   **Sentencing of repeat offenders.** (1) Notwithstanding section 706–669 and any other law to the contrary, any person convicted of . . . any of the following class C felonies: section . . . 708–831 relating to theft in the second degree; . . . 708–852 relating to forgery in the second degree; . . . 712–1243 relating to promoting a dangerous drug in the third degree[,] . . . shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

   (a) One prior felony conviction:

   . . . .

      (iv) Where the instant conviction is for a class C felony offense enumerated above—one year, eight months;

   . . . .

   (2) Except as in subsection (3), a person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed during such period as follows:

   . . . .

   (e) Within five years after a prior felony conviction where the prior felony conviction was for a class C felony offense enumerated above;

   . . . .

   (5) The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction. The court may impose a lesser mandatory minimum period of imprisonment without possibility of parole than that mandated by this section where the court finds that

court should have sentenced her in accordance with HRS § 706–622.5 (Supp.2002).[4]

For the reasons discussed *infra* in section III, we affirm the circuit court's judgment of conviction and sentence.

## I. BACKGROUND

On December 5, 2002, the State of Hawai'i [hereinafter, "the prosecution"] charged Smith by complaint with the following offenses: (1) promoting a dangerous drug in the third degree, in violation of HRS § 712–1243 (Count I), *see supra* note 1; and (2) unlawful use of drug paraphernalia, in violation of HRS § 329–43.5 (Count II), *see supra* note 2. On December 19, 2002, Smith entered knowing, intelligent, and voluntary guilty pleas with respect to both counts of her indictment. At the hearing during which Smith entered her guilty pleas, the circuit

court engaged Smith in the following colloquy:

[THE COURT:]   The other thing that's probably of more importance to you is what is indicated on the right-hand side under mandatory minimum term of imprisonment. And you see where it says Count 1, subject to 1 year, 8 months as a repeat offender under 706–606.5 of the Hawai['']i Revised Statutes, and also subject to 30 days to 2 and a half years under 712–1243, subpart 3, of the Hawai['']i Revised Statutes. So let me cover those for you.

Because you have a prior record, the state can say that you are a repeat offender, and under the repeat offender law, there is a minimum of time that a court imposes. The parole board can be equal to the judge or higher. The 1 year, 8 months is subject to an argument for reduction. So if you get a prison sentence, [the Depu-

---

strong mitigating circumstances warrant such action. Strong mitigating circumstances· shall include, but shall not be limited to the provisions of section 706–621. The court shall provide a written opinion stating its reasons for imposing the lesser sentence.

. . . .

(7) For purposes of this section:
(a) Convictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur;

. . . .

(c) A conviction occurs on the date judgment is entered.

4.   HRS § 706–622.5 provides:

**Sentencing for first-time drug offenders; expungement.** (1) Notwithstanding any penalty or sentencing provision under part IV of chapter 712, a person convicted for the first time for any offense under part IV of chapter 712 involving possession or use, not including to distribute or manufacture as defined in section 712–1240, of any dangerous drug, detrimental drug, harmful drug, intoxicating compound, marijuana, or marijuana concentrate, as defined in section 712–1240, or involving possession or use of drug paraphernalia under section 329–43.5, who is nonviolent, as determined by the court after reviewing the:
(a) Criminal history of the defendant;
(b) Factual circumstances of the offense for which the defendant is being sentenced; and
(c) Other information deemed relevant by the court;
shall be sentenced in accordance with subsection (2); provided that the person does not have a conviction for any violent felony for five

years immediately preceding the date of the commission of the offense for which the defendant is being sentenced.

(2) A person eligible under subsection (1) shall be sentenced to probation to undergo and complete a drug treatment program. If the person fails to complete the drug treatment program and if no other suitable treatment is amenable to the offender, the person shall be returned to court and subject to sentencing under the applicable section under this part. As a condition of probation under this subsection, the court shall require an assessment as to the treatment needs of the defendant, conducted by a person certified by the department of health to conduct the assessments. The drug treatment program for the defendant shall be based upon the assessment. The court may require the person to contribute to the cost of the drug treatment program.

(3) For the purposes of this section, "drug treatment program" means drug or substance abuse services provided outside a correctional facility, but the services do not require the expenditure of state moneys beyond the limits of available appropriations.

(4) The court, upon written application from a person sentenced under this part, shall issue a court order to expunge the record of arrest for that particular conviction; provided that a person shall be eligible. for one time only for expungement under this subsection.

(5) Nothing in this section shall be construed to give rise to a cause of action against the State, state employee, or treatment provider.

ty Public Defender (DPD)] can say less than 1 year, 8 months. Under the second part that says 30 days to 2 and a half years, that is the mandatory minimum period for methamphetamine, and, again, [the DPD] can argue for the lowest amount, but it cannot be less than 30 days.

Another option that [the DPD] may argue for you, and that's not absolutely clear, is that under the new law, Act 161, he may try to argue for probation, but based on our discussion, we cannot give you a clearance. So I want to be real straight forward. If it applies, then you're entitled to probation. If it doesn't apply, then the Court has a repeat offender law to deal with. Was that made clear to you in your discussions?

[Smith:] Yes.

On January 17, 2003, the prosecution filed a motion for repeat offender sentencing, pursuant to HRS § 706–606.5. In its motion, the prosecution argued that Smith should be sentenced to a mandatory minimum term of imprisonment for one year and eight months with respect to Count I, promoting a dangerous drug in the third degree. The prosecution asserted that Smith was eligible for repeat offender sentencing because, *inter alia,* on or about January 12, 1998, Smith was convicted of three counts of the offense of forgery in the second degree, in violation of HRS § 708–852, a class C felony, and one count of theft in the second degree, in violation of HRS § 708–831(1)(b), also a class C felony.[5]

On February 25, 2003, the circuit court conducted a hearing on the prosecution's motion for repeat offender sentencing. After hearing arguments from both parties, the circuit court stated:

THE COURT: This Court has not had any fixed view on whether or not the repeat offender statute has properly been trumped by Act 161, and the Court is not

satisfied with the judiciary attorney's research on the matter.

What the Court is going to do is ask [the DPD] to research it and to submit it as part of your motion to reconsider the Court's ruling today. But based on the entire reading of both [Cr. No.] 96–2460, all of the minute order entries indicating that Ms. Smith, as the State has pointed out, has admitted to substantial ice use over a substantial period of time and has been in several drug treatment programs, has either absconded or failed to comply.

The Court agrees with the State that this is not what the Legislature contemplated when it enacts Act 161. We don't know what the Legislature contemplated about anything it did about Act 161, both for the defendant and for the State.

But until and unless it's resolved, this Court is not satisfied with placing Ms. Smith on probation, because I cannot reconsider and then impose a prison term.

If the Court had placed Ms. Smith on probation, it would have given her a one-year jail term anyway as part of her probation condition, so she is not being prejudiced by the Court's ruling, and I will entertain any motion to reconsider, setting forth research that will persuade me that Act 161 trumps the repeat offender provision.

Until the Court sees it, the State's motion for repeat offender sentencing is granted on the arguments proposed by [the Deputy Prosecuting Attorney (DPA)].

In Count [I], promoting a dangerous drug in the third degree, the judgment and sentence of this Court is that Ms. Smith be committed to the Department of Public Safety for a term of imprisonment of five years, concurrent to the five-year term in Count [II], unlawful use of drug paraphernalia.

With respect to the mandatory minimum, which the statute provides as one

5. HRS § 706–606.5(7)(a) requires that "[c]onvictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur[.]" Thus, although Smith was convicted of four counts of class C felonies (*i.e.,* three counts of forgery in the second degree and one count of

theft in the second degree), all four counts were charged in the same indictment and thus must be considered a single conviction. *See* Cr. No. 96–2480. The relevant provision of HRS § 706–606.5, therefore, is subsection (1)(a)(iv), which applies to "[o]ne prior felony conviction."

year, eight months, the Court will reduce it consistent with what would have been a probation term of one year, and the Court finds that one of the strong mitigating factors is, in fact, her history of substance abuse.

The Court also notes that Ms. Smith has cooperated fully by entering a plea, and the Court grants her the mitigating factor for that. . . .

And if I'm satisfied that [the DPD] has given me compelling reasons why I should read Act 161 to trump in this case, I will grant the motion. . . . But I want to have the research first, because I cannot put [Smith] on probation and thereafter change it to prison, and I don't want to have the matter unresolved by continuing sentencing to entertain the matter. . . .

As instructed by the circuit court, Smith filed her "motion for reconsideration of sentence" pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35 (2003) ("Correction or reduction of sentence") on March 18, 2003. Smith contended that the circuit court should have sentenced her to a five-year term of probation pursuant to HRS § 706–622.5, *see supra* note 4, arguing that, as evidenced by the statute's plain language and the legislative history, HRS § 706–622.5 overrides the repeat offender statute, as set forth in HRS § 706–606.5. Smith further asserted that any ambiguity with respect to the application of HRS §§ 706–622.5 and 606.5 should be resolved in favor of lenity, such that the circuit court should sentence Smith to probation rather than incarceration. The prosecution argued in its memorandum in opposition to Smith's motion that, contrary to Smith's contentions, the plain language and legislative history of HRS § 706–622.5 "unequivocally evince that [HRS] Section 706–622.5 . . . was never intended to supercede the provisions of [HRS] Section 706–606.5 . . ., the repeat offender statute."

At the March 25, 2003 hearing of Smith's "motion for reconsideration of sentence," the circuit court stated as follows:

. . . The real issue is whether or not Act 161 on its face trumps the repeat offender provision, and that is where this Court had some misgivings.

Having considered all of the arguments in writing and setting aside sympathy, setting aside character, setting aside Ms. Smith's personal situation, the Court agrees with the State's position that when the legislature provided for treatment for first-time drug offenders, they did not mean to preclude the application of repeat offender sentencing. And it's clear from their language, and the Court does not find the ambiguity that the defense counsel argued should be in defendant's favor, it is clear that the legislature did not preclude repeat offender sentencing or they would have clearly stated that in the passage of Act 161. When people are repeat offenders, the legislature did not intend that they should not suffer the consequence of repeat behavior.

With respect to Act 161, the only provision that Act 161 wanted to ensure was that with first-time offenders, especially first-time drug offenders, the treatment be part of the package and that is with respect to sentencing by eliminating the mandatory prison term.

The legislature also clearly set forth treatment even for drug offenders who were sentenced to prison. So it was clear that they did not suggest that probation and treatment was the only way to address the drug problem.

Having the opportunity to review, the Court grants, the language provided under Act 161 is providing for repeat offender sentencing, notwithstanding the treatment for drug offenders and, on that basis, having provided that view to Act 161, the Court denies the defendant's motion for reconsideration of sentence.

Although the circuit court denied Smith's "motion for reconsideration of sentence," it reduced Smith's mandatory minimum sentence from one year to six months based on "certain factors . . . [and] extenuating circumstances" (*i.e.*, a letter Smith had addressed to the court and Smith's "genuine[ ] interest[ ] in drug treatment"). On April 1, 2003, the circuit court entered its findings of fact (FOFs), conclusions of law (COLs), and order denying Smith's "motion for reconsid-

eration of sentence." The court found, *inter alia:*

4. With respect to Section 706–622.5 of the Hawai['ji Revised Statutes (Act 161), the Court finds from the legislative history of the Regular Session of the 2002 Hawai['ji State Legislature that the legislature did not intend Act 161 to override the provisions of Section 706–606.5 of the Hawai['ji Revised Statutes.

5. With respect to issues raised by the instant motion, the Court does not find that ambiguity exists between Section 706–622.5 and Section 706–606.5 of the Hawai['ji Revised Statutes.

Based on the foregoing FOFs, the circuit court concluded, *inter alia:*

1. Notwithstanding Section 706–669 of the Hawai['ji Revised Statutes and any other law to the contrary, a person convicted of Promoting Dangerous Drugs in the Third Degree, in violation of Section 712–1243 of the Hawai['ji Revised Statutes, who has prior convictions for Forgery in the Second Degree, in violation of Section 708–852 of the Hawai['ji Revised Statutes, and/or Theft in the Second Degree, in violation of Section 708–831(1)(b) of the Hawai['ji Revised Statutes, within the time of the maximum sentence of the prior conviction, shall be sentenced to a mandatory minimum term of imprisonment without possibility of parole. Section 706–606.5(1), H.R.S.

. . . .

3. Under rules of statutory construction, the foremost obligation is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statutes themselves. *State v. Cornelio,* 84 Hawai'i 476, 935 P.2d 1021 (1997).

. . . .

8. Based upon the plain meaning of Section 706–606.5 of the Hawai[']ji Revised Statutes, the Court is required to sentence Defendant to a mandatory minimum term of imprisonment without the possibility of parole.

It is HEREBY ORDERED that the aforesaid Defendant's Motion for Reconsideration of Sentence is hereby denied.

On March 27, 2003, Smith filed a timely notice of appeal from the circuit court's judgment of conviction and sentence.

## II. *STANDARD OF REVIEW*

■ A "cardinal" canon of statutory construction is that this court "cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts." *State v. Dudoit,* 90 Hawai'i 262, 271, 978 P.2d 700, 709 (1999) (quoting *State v. Buch,* 83 Hawai'i 308, 326, 926 P.2d 599, 617 (1996) (Levinson, J., concurring and dissenting) (quoting *State v. Meyer,* 61 Haw. 74, 78, 595 P.2d 288, 291 (1979))). This is because "[w]e do not legislate or make laws." *Dudoit,* 90 Hawai'i at 271, 978 P.2d at 709 (citations omitted). . . . *[S]ee also id.* at 270 n. 8, 978 P.2d at 708 n. 8 ("[A]s Justice Ramil himself [has] aptly observed, as author of this court's opinion in *State v. Richie,* 88 Hawai'i 19, 30, 960 P.2d 1227, 1230 (1998), '[i]t is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.' " (Citations omitted.) (Some brackets added and some in original.)).

*State v. Mueller,* 102 Hawai'i 391, 394, 76 P.3d 943, 946 (2003) (quoting *State v. Yamada,* 99 Hawai'i 542, 552–53, 57 P.3d 467, 477–78, *reconsideration denied,* 100 Hawai'i 295, 59 P.3d 930 (2002) (some brackets added and some in original)).

## III. *DISCUSSION*

■ Smith contends that the circuit court erred in failing to sentence her in accordance with HRS § 706–622.5, *see supra* note 4, arguing that the plain language, legislative history, and legislative intent of the first-time drug offender sentencing statute require its application in lieu of HRS § 706–606.5, *see supra* note 3. Smith also asserts that the interrelationship of the two statutes is am-

biguous and that HRS § 706–622.5 "trumps" HRS § 706–606.5, inasmuch as the "rule of lenity," [6] as well as the canon of statutory interpretation favoring application of specific over general statutes,[7] requires sentencing of Smith as a first-time drug offender rather than as a repeat offender. The prosecution responds, *inter alia,* that, based on the plain language of HRS §§ 706–606.5 and –622.5, the circuit court did not err in sentencing Smith pursuant to the repeat offender statute. For the reasons discussed *infra,* we agree with the prosecution and hold that HRS § 706–606.5, by its plain and unambiguous language, applies notwithstanding the sentencing provisions of HRS § 706–622.5.

We have observed that " *'[i]t is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning."* *Mueller,* 102 Hawai'i at 394, 76 P.3d at 946 (internal citations and quotation signals omitted) (emphasis added). Thus, we have noted that our "*sole duty is to give effect to the statute's plain and obvious meaning.'*" *Id.* (internal citations and quotation signals omitted) (emphasis added). More specifically, this court has repeatedly employed a plain-language analysis in interpreting statutes that contain the phrase, "[n]otwithstanding any other law to the contrary...." *See State v. Hamili,* 87 Hawai'i 102, 105, 952 P.2d 390, 393 (1998) (reaffirming this court's holding in *State v. Rice, infra* ); *State v. Dannenberg,* 74 Haw. 75, 80, 837 P.2d 776, 778 (1992) (reaffirming this court's holding in *Rice, infra* ); *State v. Mun Chung Tom,* 69 Haw. 602, 604, 752 P.2d 597, 598 (1988) (analogizing the language of the driving under the influence (DUI) statute to the wording of the

prostitution statute, *infra,* and noting that "the language of the DUI statute [ (*i.e.,* a person convicted 'shall be sentenced as follows without possibility of probation') ] is sufficiently clear in mandating the sentence to be imposed"); *State v. Rice,* 66 Haw. 101, 657 P.2d 1026 (1983) (holding that, where the prostitution statute provides "[n]otwithstanding any other law to the contrary, a person convicted of committing the offense of prostitution shall be sentenced as follows[,]" the phrase " 'any other law to the contrary' ... tak[es] away [the trial court's] power to grant deferred acceptance of guilty pleas in prostitution cases").

■ In the present matter, HRS § 706–606.5(1) states that the repeat offender statute applies "[n]otwithstanding ... any other law to the contrary...." *See supra* note 3. Although HRS § 706–622.5 does contain a similar phrase, the language of the first-time drug offender statute, as compared to the foregoing wording of the repeat offender statute, is markedly narrower in scope: "Notwithstanding any penalty or sentencing provision *under part IV of chapter 712* ...." *See supra* note 4 (emphasis added). Thus, inasmuch as the plain and unambiguous language of HRS § 706–606.5 requires application of the repeat offender statute over "any other law to the contrary," we hold that the circuit court did not err in sentencing Smith as a repeat offender pursuant to HRS § 706–606.5. Furthermore, we hold that, in all cases in which HRS § 706–606.5 is applicable, including those in which a defendant would otherwise be eligible for probation under HRS § 706–622.5, the circuit courts must sentence defendants pursuant to the provisions of HRS § 706–606.5.

6. This court has recognized that "[a]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *State v. Sakamoto,* 101 Hawai'i 409, 413 n. 3, 70 P.3d 635, 639 n. 3 (internal citations and quotation signals omitted). Moreover, this court has observed that the "[t]his policy of lenity means that the [c]ourt will not interpret a [state] criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended." *Id.* (internal citations and quo-

tation signals omitted) (some brackets added and some in original).

7. This court has held that "where there is a 'plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored." *State v. Vallesteros,* 84 Hawai'i 295, 303, 933 P.2d 632, 640 (1997) (internal citations omitted).

## IV.   CONCLUSION

In light of the foregoing, we affirm the circuit court's judgment of conviction and sentence.