174 P.3d 358

**STATE of Hawai'i, Respondent/Plaintiff–Appellee,**

v.

**Thomas E. KLIE, Petitioner/Defendant–Appellant.**

**No. 27992.**

Supreme Court of Hawai'i.

Dec. 27, 2007.

Scot Stuart Brower, for petitioner/defendant-appellant, on the application.

Daniel H. Shimizu, Deputy Prosecuting Attorney, for respondent/plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by MOON, C.J.

On December 20, 2007, this court accepted a timely application for a writ of certiorari, filed by petitioner/defendant-appellant Thomas E. Klie on December 4, 2007, requesting that this court review the September 5, 2007 judgment of the Intermediate Court of Appeals (ICA), entered pursuant to its July 19, 2007 summary disposition order. Therein, the ICA affirmed the District Court of the First Circuit's [1] May 19, 2006 judgment, convicting Klie—via his no contest plea—of and sentencing him for the offense of street solicitation of prostitution, in violation of Hawai'i Revised Statutes (HRS) § 712–1207 (Supp. 2006), quoted *infra*, [hereinafter, street solicitation].

In his application, Klie essentially reasserts the sole argument made in his direct appeal, namely, that the district court erred in denying his motion for a deferred acceptance of no contest (DANC) plea, filed pursuant to HRS § 853–1 (1993), quoted *infra.* Specifically, Klie contends that a DANC plea is available in street solicitation cases, and the district court, therefore, committed error in finding that it lacked the discretion to grant the motion. Based on the discussion below, we hold that the ICA erred in

1. The Honorable Lono J. Lee presided over the underlying proceedings.

2. HRS § 712–1207(1) provides that "[i]t shall be unlawful for any person within the boundaries of Waikiki and while on any public property, to offer or agree to engage in sexual conduct with another person in return for a fee." Street solicitation is a petty misdemeanor. HRS § 712–1207(4).

3. Prior to its acceptance of the plea, the district court engaged in a colloquy with Klie to determine whether he entered the plea knowingly, voluntarily, and intelligently, and whether he understood the consequences thereof.

4. Section 853–1 provides that a motion for a DANC plea may be made:

concluding that the district court properly denied Klie's motion for a DANC plea. Consequently, the May 19, 2006 judgment is vacated, and the case is remanded to the district court for reconsideration of Klie's motion consistent with this opinion.

## I. BACKGROUND

### A. Proceedings Before the District Court

On May 18, 2006, the respondent/plaintiff-appellee State of Hawai'i (the prosecution) orally charged Klie as follows:

> [O]n or about February 23, 2006, in the City and County of Honolulu, State of Hawai'i, while within the boundaries of Waikiki and while on any public property, [Klie] did offer or agree to engage in sexual conduct with another person in return for a fee, thereby committing the offense of [s]treet [s]olicitation ... in Waikiki[,] in violation of [s]ection 712–1207 subsection (1) of the [HRS.[2]]

That same day, Klie entered a plea of no contest.[3] The district court accepted Klie's plea, whereupon Klie moved for a DANC plea, pursuant to HRS § 853–1.[4] Defense counsel argued that:

> Based upon my review of *State v. Hamili*[, 87 Hawai'i 102, 952 P.2d 390 (1998), discussed fully *infra*,] the supreme court had indicated that if a charge allows for probation as a possible sentence that that would permit the deferred plea to be permitted in this situation.

> (1) When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;
> (2) It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and
> (3) The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,
> the court, without accepting the plea of nolo contendere or entering a judgment of guilty and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

Although the statute[, *i.e.,* HRS § 712–1207(4),] talks about shall ["be sentenced to a mandatory term of thirty days imprisonment,"] there is also the possibility of the probation, [referring to HRS § 712–1207(5), quoted *infra,*] and based on that, and I think the prosecutor would agree, Mr. Klie would qualify for all purposes. He's never been arrested or convicted of anything else in his life. He's a model citizen.

This is a situation that certainly would never occur again and he does a lot of good in his practice helping out with regard to emergency care in the Bronx, in rather indigent areas, tough areas as an emergency doctor. Based on that, we would ask the [c]ourt to defer acceptance of the no contest plea.

In opposition, the prosecution asserted that:

In regards to sentencing, your Honor, [the prosecution] will be asking for a five hundred dollar fine in this case and six months probation. The [prosecution]'s reading of the *State v. Hamili* is that[,] when a statute, when the sentencing scheme is very specific and mandatory, in this case mandatory use the word shall, the [c]ourt has no discretion to go beyond the scope of the sentencing scheme. Here in this case, it's either jail or probation, your Honor. And based upon the reading of *State v. Hamili,* your Honor, when the scheme is mandatory and it's specific, deferral is not an option at this time, your Honor.

The district court denied Klie's motion, ruling that:

The position of this [c]ourt as counsel you are aware after pretrial in this matter that I agree with the [prosecution]'s position in this case, okay. Fortunately for Dr. Klie, I don't doubt the good you do with your practice. However, this statute is specific and does indicate that. However, you would be entitled to probation and jail certainly would not be appropriate in this case.

In other words, the district court believed that it had no discretion to entertain Klie's motion for a DANC plea. Thereafter, the district court sentenced Klie to six months' probation and ordered him to pay various fines and fees. The district court filed its judgment on May 19, 2006. Klie filed a timely notice of appeal on June 23, 2006.

### B. *Appeal Before the ICA*

On direct appeal, Klie maintained that the district court erred in finding that it had no discretion to consider granting his motion for a DANC plea. Klie argued that, because "the offense charged is probationable, [DANC] pleas may be considered by the [district] sentencing court." The prosecution responded that the subject statute's sentencing scheme would not permit DANC pleas, discussed in more detail *infra.*

On July 19, 2007, the ICA issued its summary disposition order, wherein it concluded that:

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues as raised by the parties, we conclude that the district court properly denied Klie's motion for a DANC plea. HRS § 712–1207(1) & (4); *State v. Dannenberg,* 74 Haw. 75, 837 P.2d 776 (1992); *State v. Hamili,* 87 Hawai'i 102, 952 P.2d 390 (1998).

ICA's Summary Disposition Order (SDO) at 2. Thereafter, on September 5, 2007, the ICA entered its judgment on appeal. On December 4, 2007, Klie filed his application, which this court granted on December 20, 2007.

### II. *STANDARDS OF REVIEW*

#### A. *Writ of Certiorari*

This court reviews the decision of the ICA for (1) grave errors of law or of fact or (2) obvious inconsistencies in the decision of the ICA with that of the supreme court, federal decisions, or its own decisions and whether the magnitude of such errors or inconsistencies dictate the need for further appeal. HRS § 602–59(b) (Supp.2006).

#### B. *Motion for a DANC Plea*

 The grant or denial of a motion for a DANC plea is within the discretion of the district court and will not be disturbed unless there has been manifest abuse of discretion. *State v. Tom,* 69 Haw. 602, 603, 752 P.2d 597,

597 (1988). "An abuse of discretion occurs if the trial court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *State v. Davia*, 87 Hawai'i 249, 253, 953 P.2d 1347, 1351 (1998) (internal quotation marks and citation omitted).

## C. *Statutory Construction*

■ The interpretation of a statute is a question of law, which is reviewed on appeal *de novo*. *State v. Wells*, 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995).

## III. *DISCUSSION*

On application, Klie essentially reasserts the argument he made before the district court and the ICA, *i.e.*, that the district court erred in refusing to grant his motion for a DANC plea. Klie's entire argument consists of the following four points:

(1) The question presented is whether the [district] court is prohibited from accepting a deferred plea under [HRS § ]853-1 for violation of [HRS § ]712-1207 offering to engage in sexual conduct with another person on public property in Waikiki, Hawai'i.

(2) [Klie] pled no contest to the charge of HRS [§ ]712-1207, and the [district] court refused to consider or grant [Klie]'s motion to defer acceptance of his plea, because the [district] court stated it had no power to do so under the statute.

(3) The [district] court refused to consider the granting of a motion for deferred plea to violation of HRS [§ ]712-1207.

(4) In [*State v. Hamili*,] 87 Hawai'i 102, 952 P.2d 390 (1998), the Supreme Court of Hawai'i stated DANC pleas are not applicable where offenses charged are non-probationable. Under HRS [§ ]712-1207(5)[, quoted *infra*,] a defendant may be placed on probation for violating the street solicitation statute in Waikiki, Hawai'i, therefore, a court should have the power to grant a deferred plea for violation of [HRS § ]712-1207(1).

The sole issue, therefore, is whether the charged offense with respect to which Klie entered a no contest plea is excluded from the possibility of deferral under HRS chapter 853.

■ Preliminarily, we observe that, when construing a statute, this court "foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *State v. Valdivia*, 95 Hawai'i 465, 472, 24 P.3d 661, 668 (2001) (citation omitted). "Where the statutory language is unambiguous, the court's sole duty is to give effect to its plain and obvious meaning." *State v. Sakamoto*, 101 Hawai'i 409, 412, 70 P.3d 635, 638 (2003) (citations omitted).

■ HRS chapter 853 sets forth the procedure for the acceptance of, *inter alia*, a DANC plea. As noted above, the district court

> may defer final adjudication of a criminal case when (1) a defendant voluntarily pleads guilty or no contest prior to the commencement of trial and (2) the court concludes (a) that the defendant is not likely to engage in a criminal course of conduct and (b) that the ends of justice and welfare of society do not require that the defendant presently suffer the penalty imposed by law. HRS § 853-1(a)[. However, s]uch deferrals are constrained by HRS § 853-4, which sets out the circumstances under which chapter 853 "shall not apply."

*Id.* at 412, 70 P.3d at 638. Specifically, DANC pleas do not apply when "[t]he offense charged is *nonprobationable.*" HRS § 853-4(5) (emphasis added).

In this case, Klie pled no contest to the offense of street solicitation, in violation of HRS § 712-1207(1). The penalties for violating section 712-1207 are set forth in HRS §§ 712-1207(4) and (5), which provide in relevant part:

> (4) Notwithstanding any law to the contrary, any person violating this section shall be guilty of a petty misdemeanor and shall be sentenced to a mandatory term of thirty days imprisonment. The term of

imprisonment shall be imposed immediately, regardless of whether the defendant appeals the conviction, except as provided in subsection (5).

(5) *As an option to the mandatory term of thirty days imprisonment, if the court finds the option is warranted based upon the defendant's record, the court may place the defendant on probation for a period not to exceed six months,* subject to the mandatory condition that the defendant observe geographic restrictions that prohibit the defendant from entering or remaining on public property, in Waikiki and other areas in the State designed by county ordinance during the hours from 6 p.m. to 6 a.m. Upon any violation of the geographic restrictions by the defendant, the court, after hearing, shall revoke the defendant's probation and immediately impose the mandatory thirty-day term of imprisonment.

(Emphasis added.) By the express terms of subsections (4) and (5), the offense under HRS § 712–1207 is probationable and, thus, is not excludable under HRS § 853–4(5).

This court's case law lends further support to the above conclusion. In *State v. Tom*, 69 Haw. 602, 752 P.2d 597 (1988), this court held that the trial court did not err in denying a DANC plea when the statute at issue—HRS § 291–4(b) (1985) (driving under the influence (DUI))[5]—did *not* afford the defendant a probation sentence. *Id.* at 603, 752 P.2d at 598. In that case, the trial court ruled that: (1) it lacked the discretion to grant a DANC plea because HRS § 853–4(5) provided that such a plea was not available in cases involving nonprobational offenses; (2) the sentencing provisions of HRS § 291–4 called for mandatory sentencing without the possibility of probation; and (3) allowing a DANC plea

in DUI cases would enable a defendant to avoid the enhanced sentencing scheme mandated by the DUI statute. *Id.* at 603, 752 P.2d at 598. On appeal, this court, after holding that the plain language of the statutes involved prohibited the grant of a DANC plea in a DUI case, stated:

The DUI statute provides for an enhanced sentencing scheme for multiple offenses within a five year period. A repeat offender given a DANC plea on the first offense could thus escape enhanced sentencing under the DUI statute by committing a second offense after DANC jurisdiction had expired but within the five year period of the DUI sentencing scheme. This result would contravene the recognized serious nature of a DUI offense.

*Id.* (citation omitted).

This court again reviewed a DANC plea in *Dannenberg*, a case cited by the ICA. In *Dannenberg*, the trial court granted a DANC plea in a prostitution case, which was charged under HRS § 712–1200 (1985). At the time of the offense, HRS § 712–1200(4) set forth the sentencing scheme in prostitution cases and provided in relevant part that:

Notwithstanding any other law to the contrary, a person convicted of committing the offense of prostitution shall be sentenced as follows

(a) For the first offense, a fine of $500 and the person may be sentenced to a term of imprisonment of no more than thirty days[.]

(b) For any subsequent offense, a fine of $500 and a term of imprisonment of thirty days, without possibility of suspension of sentence or probation.

74 Haw. at 79–80, 837 P.2d at 778 (emphases omitted). In determining whether the afore-

5. HRS § 291–4(b) provides in part that:
A person committing the offense of [DUI] shall be sentenced as follows *without possibility of probation* or suspension of sentence:
(1) For the first offense, or any offense not preceded within a five-year period by a conviction under this section, by:
(A) A fourteen-hour minimum alcohol abuse rehabilitation program[; and]
(B) Ninety-day prompt suspension of license with absolute prohibition from operating a motor vehicle during suspension of license[;]

(C) Any one or more of the following:
 (i) Seventy-two hours of community service work; or
 (ii) Not less than forty-eight hours of imprisonment; or
 (iii) A fine of not less than $150 but not more than $1,000.
(Emphasis added.); *see also Tom*, 69 Haw. at 603, 752 P.2d at 598.

mentioned sentencing scheme prohibited a DANC plea, this court initially stated that:

> In *State v. Rice* [, 66 Haw. 101, 657 P.2d 1026 (1983)], we interpreted "[n]otwithstanding any other law to the contrary" in the above statute as language "taking away the trial court's power to grant [DANC] pleas in prostitution cases." [*Id.*] at 102, 657 P.2d at 1026. Today we affirm that holding and clarify our reasoning.

*Id.* at 80, 837 P.2d at 778 (original brackets omitted). In so doing, this court reviewed the relevant legislative history, *id.* at 81, 837 P.2d at 779, observing that "[t]he [legislative] intent was clearly to limit discretion of the trial court in sentencing prostitution offenses and to provide a mandatory sentencing structure unlike that for other petty misdemeanors." *Id.* Consequently, this court reasoned that, "[i]f trial courts were permitted to grant DANC ... pleas, the mandatory fine for first time offenders anticipated by the legislature would become no more than a discretionary fine." *Id.* at 82, 837 P.2d at 779.

Thereafter, in *Hamili*, a case relied upon by both Klie and the ICA, this court noted that, after the issuance of *Dannenberg*, the legislature amended HRS § 712–1200(4) in 1993 to allow the acceptance of DANC via its elimination of the phrase "notwithstanding any other law to the contrary." 87 Hawai'i at 106 n. 5, 952 P.2d at 394 n. 5. In *Hamili*, the defendant pled no contest to the offense of prohibited fishing with gill nets, in violation of HRS § 188–30.2(a)(2) (1993). *Id.* at 103, 952 P.2d at 391. The defendant then moved to defer his plea, which was granted. *Id.* at 104, 952 P.2d at 392. On petition for a writ of mandamus, this court held that the district court abused its discretion by deferring the defendant's plea, explaining that

> a DANC plea is unavailable for persons convicted of violating the gill net fishing statute. After conviction, *HRS § 188–70(a) provides that the person violating the statute shall be punished by a fine or a jail term or both.* The use of the verb "shall" signals that this is a mandatory sentencing provision. *There is no possible sentence apart from the three alternatives provided by the statute. The sentencing court has discretion in deciding which alternative is appropriate, but the court is limited to the choices provided. Because the sentencing court is limited to the alternatives expressly enumerated in HRS § 188–70, and probation is not an enumerated alternative, the offense for which the sentence is imposed is nonprobationable.* Thus, HRS § 853–4(5) which provides that the DANC plea is not applicable where the offense charged is nonprobationable, prohibits the allowance of a DANC plea.
>
> [The statute] mandates that a sentence be selected among three alternatives, which do not include probation. Consequently, the [district court] manifestly abused [its] discretion by allowing [the defendants] a DANC plea.

*Id.* at 107, 952 P.2d at 395 (emphases added) (original emphasis and citation omitted).

Although recognizing *Hamili's* holding that the offense under the gill net fishing statute was a nonprobationable offense because probation was not an available sentencing option, the prosecution, on direct appeal, argued that the subject statute's mandatory sentencing scheme precludes a DANC plea. The prosecution grounded its contention upon the fact that HRS § 712–1207(4) contained the phrase "[n]otwithstanding any law to the contrary," which, under *Rice* and *Dannenberg* signaled removal of the trial court's power to grant DANC. The prosecution—and the ICA—however, overlook the fact that HRS § 712–1200 specifically provides an alternative sentence of *probation.* Further, the *Dannenberg* court did not rely solely upon the aforementioned phrase to conclude that DANC pleas were impermissible; in fact, it reaffirmed its holding in *Rice* and clarified its reasoning, which reasoning demonstrated that, because the prostitution statute carried enhanced mandatory sentencing provisions, a DANC plea would render the mandatory fine for first time offenders "no more than a discretionary fine." 74 Haw. at 82, 837 P.2d at 779.

Here, HRS § 712–1207 clearly does not constitute an enhanced sentencing scheme. Rather, like *Hamili*, subsections 712–1207(4) and (5) simply provide two alternatives

(three in *Hamili*)—thirty days' imprisonment or probation. "The sentencing court has discretion in deciding which alternative is appropriate, but the court is limited to the choices provided." *Hamili*, 87 Hawai'i at 107, 952 P.2d at 395. Because the sentencing court is limited to the alternatives expressly enumerated in the subject statute, and probation *is* an enumerated alternative, the offense for which the sentence is imposed is probationable. Thus, we believe that HRS § 853–4(5), which states that DANC is inapplicable when the offense charged is nonprobationable, does not apply in the instant case.

Notwithstanding the clear and unambiguous language of the subject statute, the prosecution—on direct appeal and relying on legislative history—argued that the legislature did not intend to permit DANC pleas:

> The legislature finds that the level of prostitution in Waikiki has become intolerable. One is unable to walk down the streets without repeatedly being accosted for purposes of solicitation. Moreover, the legislature finds that a high level of prostitution is nearly always followed by an increase in other criminal activities relating to theft, robbery, assault, and drugs. Such activity is abhorrent to residents and visitors alike and is driving both from one of the State's prime attraction. Efforts by the Honolulu police department to crack down on prostitution and other criminal activity in the Waikiki area have had limited effect. The legislature further finds and declares that more stringent measures are necessary to preserve Waikiki as a prime attraction and to protect the health, safety, and welfare of residents and visitors to Waikiki.
>
> Accordingly, the purpose of this Act is to provide for increased penalties for prostitution activities in Waikiki. As a mandatory condition of probation and bail, defendants must observe geographical restrictions prohibiting them from entering or walking on the public streets or sidewalks of Waikiki during the hours from 6 p.m. and 6 a.m. If a defendant resides in Waikiki and chooses to remain in Waikiki during the prohibited hours, the defendant must therefore stay off the streets and sidewalks during those hours. Although

the restriction covers a large physical space, it is narrowly tailored to cover only the hours most closely associated with the crime. Additionally, the restriction is sufficiently definite to provide the average person with adequate notice of what behavior is prohibited.

(Quoting 1998 Haw. Sess. L. Act 149, § 1 at 534.) (Format altered.) Based upon the above findings, the prosecution argued that permitting DANC pleas for street solicitation offenses is incompatible with the legislature's express findings that street solicitation in Waikiki has become intolerable and poses serious threats to the health, safety, and welfare of residents and visitors.

■■■ This court, however, has previously stated that, where the statute is clear and unambiguous, it is bound by its plain and unambiguous language:

> We cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts. We do not legislate or make laws. Even when the court is convinced in its own mind that the [l]egislature really meant and intended something not expressed by the phraseology of the [a]ct, it has no authority to depart from the plain meaning of the language used.

*Sakamoto*, 101 Hawai'i at 413, 70 P.3d at 639 (citations omitted). Here, the prosecution did not assert that HRS § 712–1207 is ambiguous; yet, it resorted to an examination of the legislative history. Nevertheless, even assuming arguendo that the statute is ambiguous, the legislative history further supports the conclusion that DANC pleas are permissible. The aforementioned purpose clearly acknowledges that probation is an alternative option under HRS § 712–1207—with the added enhancement of geographical restrictions. There is no indication from the legislature that it intended to limit the district court's discretion in sentencing street solicitation offenses. Indeed, HRS § 712–1207(5) empowers the district court to determine whether probation "is warranted based upon the defendant's record."

Consequently, we hold that the ICA erred in summarily affirming the district court's

refusal to consider Klie's motion for a DANC plea.

## IV. CONCLUSION

Based on the foregoing, we vacate the May 19, 2006 judgment and remand this case to the district court for reconsideration of Klie's motion for a deferred acceptance of no contest plea consistent with this opinion.