**STATE OF HAWAII**, Petitioner, v. **JAMES H. DANNENBERG**, Judge, District Court of the First Circuit, State of Hawaii, and **BRIAN UY**, Respondents

NO. 16213

(Case No. 18P of 5/27/92)
(HPD Rep. No. 92–012027)

OCTOBER 7, 1992

LUM, C.J., MOON, KLEIN, AND LEVINSON, JJ., AND RETIRED JUSTICE HAYASHI, IN PLACE OF WAKATSUKI, J., DECEASED

OPINION OF THE COURT BY LUM, C.J.

Petitioner State of Hawaii (State) moved this court to issue a writ of mandamus and/or prohibition enjoining the enforcement of an order granting respondent–defendant Brian Uy's (Defendant) motion for a Deferred Acceptance of a No Contest (DANC) plea issued by respondent Judge James Dannenberg, Judge of the District Court of the First Circuit.

Upon consideration of State's petition, this court holds that the trial court manifestly abused its discretion by granting Defendant's motion for a deferred acceptance of no contest. Therefore, this court grants the petition and hereby orders this case remanded for proceedings consistent with this opinion.

I.

Defendant was charged with the offense of Prostitution in violation of Hawaii Revised Statutes (HRS) § 712–1200. HRS § 712–1200 makes both the selling and purchasing of prostitution services a crime. *See* Hse. Stand. Comm. Rep. No. 1205–90, in 1990 House Journal, at 1316. Defendant pleaded not guilty and trial was set.

The lower court, believing that HRS § 712–1200 was ambiguous and believing that this court's opinion in *State v. Rice*, 66 Haw. 101, 657 P.2d 1026 (1983), was inapplicable, granted Defendant's motion to enter a DANC plea. The State then sought this writ of mandamus and/or prohibition in order for this court to decide whether the trial court has discretion to grant a DAG or DANC plea in a prostitution case.

## II.

A writ of mandamus is an extraordinary remedy which will not issue unless the petitioner demonstrates: (1) a clear and indisputable right to relief; and (2) a lack of other means adequately to redress the wrong or to obtain the requested action. *State v. Oshiro*, 69 Haw. 438, 441, 746 P.2d 568, 570 (1987) (citing *State ex rel. Marsland v. Shintaku*, 64 Haw. 307, 640 P.2d 289 (1982)). Such writs, however, are not meant to supersede the legal discretionary authority of the lower courts, nor are they to serve as legal remedies in lieu of normal appellate procedures. *State ex rel. Marsland v. Town*, 66 Haw. 516, 668 P.2d 25 (1983).

The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision. *State v. Swafford*, 68 Haw. 653, 729 P.2d 385 (1986). The State's right to appeal in criminal cases is limited to those instances set forth in HRS § 641–13 (Supp. 1991). In *State v. Oshiro*, 69 Haw. 438, 441, 746 P.2d 568, 570 (1987), this court held that HRS § 641–13 does not confer authority upon the State to appeal from the granting of DAG or DANC pleas. Because the State cannot appeal the granting of a DANC plea and it possesses no other adequate legal remedy, a petition for a writ of mandamus is the appropriate method for the

State to seek review of DANC plea where it believes the trial court acted without statutory authority to accept such plea. *See* HRS § 602–5 (1985 & Supp. 1991).

### III.

The granting or denial of a motion for a DANC plea is generally within the discretion of the trial court and will not be disturbed unless there is a manifest abuse of discretion. *State v. Tom*, 69 Haw. 602, 603, 752 P.2d 597 (1988) (citing *State v. Karwacki*, 1 Haw. App. 157, 159–60, 616 P.2d 226, 228 (1980)). However, in the instant case the State contends that the trial court acted improperly by granting the deferred plea because this court has previously held that, under HRS § 712–1200(4), a trial court has no power to grant deferred acceptance of guilty pleas in prostitution cases. *See State v. Rice*, 66 Haw. 101, 657 P.2d 1026 (1983).

The prostitution statute contains its own mandatory sentencing scheme. It provides in relevant part:

§ **712–1200 Prostitution.** (1) A person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person in return for a fee.

. . . .

(3) Prostitution is a petty misdemeanor.

(4) *Notwithstanding any other law to the contrary*, a person convicted of committing the offense of prostitution *shall be sentenced* as follows:

(a) *For the first offense, a fine of $500 and the person may be sentenced to a term of imprisonment of not more than thirty days*; provided in the event the convicted

person defaults in payment of the $500 fine, and the default was not contumacious, the court may sentence the person to perform services for the community as authorized by section 706–605(1)(f).

(b) For any subsequent offense, a fine of $500 and a term of imprisonment of thirty days, *without possibility of suspension of sentence or probation*.

(Emphasis added).

In *State v. Rice*, *supra*, we interpreted "[n]otwithstanding any other law to the contrary[]" in the above statute as language "taking away [the trial court's] power to grant deferred acceptance of guilty pleas in prostitution cases." 66 Haw. at 102, 657 P.2d at 1026. Today we reaffirm that holding and clarify our reasoning.

As Defendant points out, HRS § 712–1200 is ambiguous as to whether the "notwithstanding any other law to the contrary[]" refers to HRS ch. 853 (1985 & Supp. 1991) which is the statutory authority for permitting discretionary deferred acceptance of guilty pleas and deferred acceptance of nolo contendere pleas. Defendant's argument that the sentencing provisions of HRS § 712–1200 only apply where defendant is actually "convicted" and that a DANC is not a conviction is well–taken. However, to permit a trial court to defer the entry of a plea in order to avoid a conviction permits the court to avoid the sentencing scheme created by the legislature specifically for prostitution cases and is therefore repugnant to the legislative intent in enacting the prostitution law.

The court's primary duty in interpreting statutes is to ascertain and give effect to the legislature's intention and to implement that intention to the fullest degree. *State v.*

***Briones***, 71 Haw. 86, 784 P.2d 860 (1989). In ascertaining intent language of a provision the provision must be read in context of the entire statute and construed in a manner consistent with its purposes. ***State v. Kumukau***, 71 Haw. 218, 787 P.2d 682 (1990). Where a statute is susceptible to more than one interpretation, the court will look to the intent of the legislature. ***State v. Johnson***, 68 Haw. 292, 711 P.2d 1295 (1985). In construing a statute, legislative history may be considered when a statute is ambiguous or of doubtful meaning. ***State v. Ui***, 66 Haw. 366, 663 P.2d 630 (1983).

The legislative history of HRS § 712–1200 is revealing. The intent was clearly to limit the discretion of the trial court in sentencing prostitution offenses and to provide a mandatory sentencing structure unlike that for other petty misdemeanors.

> At present, courts have full discretion in sentencing, and your Committee finds that fines imposed on persons convicted of prostitution average $100 per offense. Less than six percent of the cases impose sentences of imprisonment.
>
> Your Committee believes that some form of mandatory sentence of imprisonment is necessary to curb rising crimes of violence and property crimes, many of which occur as a consequence of the offense of prostitution.
>
> The bill provides that persons convicted of prostitution for the first time be *mandatorily* fined $500 and may also be sentenced to a term of not more than 30 days. Thus, the judge, in the case of a first offense, *is mandated to impose a fine of $500 and has the discretion to impose a sentence of imprisonment up to 30 days.*

> . . . In subsequent offenses, the court is *man-dated* to impose the sentence of imprisonment and a fine of $500 without the possibility of suspension or probation.

Sen. Conf. Comm. Rep. No. 15, in 1981 Senate Journal, at 907 (emphasis added).

If trial courts were permitted to grant DANC and DAG pleas, the mandatory fine for first time offenders anticipated by the legislature would become no more than a discretionary fine. HRS § 853–1(b) permits the court to impose any conditions on DANC or DAG pleas enumerated in HRS § 706–624, the statute permitting the court to attach certain conditions to sentences of probation or the suspension of a sentence. HRS § 706–624(2)(d) permits a court, in its *discretion*, to impose a fine as a condition of probation or suspension of a sentence and, by extension, as a condition of a DAG or DANC plea. This clearly is contrary to both the statute and the legislative intent to *mandate* a fine for first–time prostitution offenders.

Furthermore, as noted in **State v. Tom**, 69 Haw. 602, 605, 752 P.2d 597, 598 (1988), the entry of DANC and DAG pleas for offenses which carry enhanced mandatory sentencing provisions for repeat offenders could permit those offenders to escape the enhanced sentence where they commit a subsequent crime after the DANC or DAG jurisdiction has expired.[1] Adopting Defendant's analysis would permit a court to enter DAG or DANC pleas every

---

[1] HRS § 853–4(12) prohibits entry of DANC pleas where "[t]he defendant has been charged with a misdemeanor offense and has been previously granted deferred acceptance of guilty plea status for a prior felony, misdemeanor, or *petty misdemeanor for which the period of deferral has not yet expired*[.]" The period of deferral for a petty misdemeanor in HRS § 853–1(b) (Supp. 1991) cannot exceed one year.

366 days, as the previous DANC or DAG time period expired, and thus allow Defendant to avoid the provisions of the repeat offender provision regardless of multiple offenses. Since it is clear that the language of the statute anticipates mandatory sentencing for prostitution offenders, and the legislative history reveals an intent to remove judicial discretion from sentencing, Defendant's argument is incompatible with the statute and its history.

This court has previously said that where the legislature fails to act in response to our statutory interpretation, the consequence is that the statutory interpretation of the court must be considered to have the tacit approval of the legislature and the effect of legislation. *See, e.g., Gorospe v. Matsui*, 72 Haw. 377, 381, 819 P.2d 80, 82 (1991); *In re Pacific Marine & Supply Co.*, 55 Haw. 572, 579–80, 524 P.2d 890, 896 (1974) ("it may fairly be concluded that the legislature has tacitly approved this . . . holding as an authoritative and correct explication of the meaning of the statutory term"); *Honolulu Star Bulletin, Ltd. v. Burns*, 50 Haw. 603, 607, 446 P.2d 171, 173 (1968) ("the legislature has had abundant opportunity to give the statute a differing meaning[;] [i]ts failure to do so amounts to legislative approval of such judicial construction, giving it the effect of legislation"). *State v. Rice*, 66 Haw. 101, 657 P.2d 1026 (1983), has been the law for nearly ten years and, although the legislature has amended the prostitution statute, it has not legislatively overruled our construction of the statute.

Therefore, we construe "notwithstanding any other law to the contrary" in HRS § 712–1200 to bar the acceptance of DANC and DAG pleas. We do so because we believe that the legislature did not intend the trial courts to have discretionary authority to avoid the sentencing

structure the legislature has imposed upon prostitution law offenders. *See also* **State v. Tom**, 69 Haw. 602, 752 P.2d 597 (1988).

### IV.

In consideration of this opinion it is hereby ordered that petitioner State of Hawaii's petition for writ of mandamus is granted, the judgment of the district court is reversed, and this case is remanded for further proceedings consistent with this opinion.

On the briefs:

*Vickie L. Silberstein*, Deputy Prosecuting Attorney, for petitioner.

*Samuel P. King, Jr.*, for respondent Uy.