**Douglas W. ROSS, Petitioner,**

v.

**W.J. THOMPSON, Warden, F.C.I. Morgantown, West Virginia, Respondent.**

Civil Action No. 1:96–CV–48.

United States District Court, N.D. West Virginia.

May 1, 1996.

---

Douglas W. Ross, Morgantown, WV, pro se.

William D. Wilmoth, United States Attorney, Rita R. Valdrini, Asst. U.S. Atty., Wheeling, WV, Paul W. Layer, Federal Corrections Institution, Cumberland, MD, for respondent.

## MEMORANDUM OPINION AND ORDER

KIDD, Senior District Judge.

On March 25, 1996, this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, was received and filed by the Clerk of the Court. By Order entered on March 28, 1996, the Court directed the respondent to be served and to file his response within 60 days. On April 3, 1996, petitioner filed a motion to reduce reply time and motion for release pending hearing. By Order entered on April 5, 1996, the Court directed the respondent to file a reply to the motions within 15 days. Instead, on April 22, 1996, the respondent filed his response seeking that the petition be denied, thus mooting the petitioner's motion to reduce reply time, which is hereby DENIED. On April 26, 1996, petitioner filed his reply.

Since there exist no material questions of fact but only questions of law, the Court finds that there is no need for an evidentiary hearing and will proceed with final disposition based upon the record before it. Therefore, petitioner's motion for release pending hearing is DENIED.

■ Petitioner is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"). On January 4, 1995, petitioner reported to FCI Morgantown to commence service on his federal sentence of 16 months. Included in his federal sentence was a mandatory special assessment of $150.00, a $25,000 fine, and a three year term of supervised release. During his incarceration, petitioner has paid only $75.00 toward the $150.00 special assessment and has made no payment on the fine. Petitioner's federal term of imprisonment expired on February 29, 1996. During petitioner's release processing from FCI Morgantown, petitioner refused to sign the "Installment Schedule Agreement for Unpaid Fines" form ("Form") "due to the vague uncertain nature of the form and because of respondents deliberate mis-characterization of the policy which was cited validating it." The purpose of the form was explained to petitioner. Furthermore, it was explained to petitioner that he would not be released from FCI Morgantown until he signed the Form. Due to petitioner's continued refusal to sign the Form after repeated requests, he remains incarcerated at FCI Morgantown even though his term of imprisonment has expired. Petitioner filed this petition for a Writ of Habeas Corpus seeking immediate release, claiming that he is being held illegally.[1]

Title 18, United States Code, Section 3624(e) provides in pertinent part as follows:

.... No prisoner shall be released on supervision unless such prisoner agrees to adhere to an installment schedule, not to exceed two years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner.

Based upon this statutory mandate, the Federal Bureau of Prisons ("BOP"), the federal agency delegated the responsibility to carry out this Congressional mandate, promulgated the following policy:

In accord with 18 U.S.C. Section 3624(e), any inmate who has a term of supervised release and a fine relative to the offense under which he or she was committed, *must* agree to adhere to an installment schedule to pay any remaining balance on this fine while under release supervision.

---

1. Petitioner has failed to utilize the administrative remedy procedure for inmates provided by the BOP prior to filing this § 2241 petition. *See* 28 C.F.R. §§ 542.10 through 542.19. While exhaustion of administrative remedies is normally required, the Court will proceed to the merits of petitioner's claim.

Any inmate who refuses to comply with Section 3624(e) must remain in the custody of the Bureau of Prisons. . . .

See PS 5380.05, Sec. 5.a.(5) (emphasis in original). Attached to this policy statement is the Form which is to be used to evidence such agreement. To implement this policy, the BOP directs that:

[i]f a schedule of payment plan has not been approved by the court prior to the date of release, but the inmate agrees, in writing, to adhere to an installment schedule to be established after release, then the inmate may be released on the scheduled date of release. . . . The prisoner shall not be released on supervision and shall remain confined unless the prisoner pays the fine in full, has executed an installment schedule approved by the court, or agrees to adhere to an installment schedule. . . . Whenever a prisoner is not released on the scheduled date of release as the result of a fine problem, then ISM staff shall frequently contact Unit staff to learn the progress being made to resolve the fine difficulty. Every effort possible should be undertaken to assure that the prisoner is not confined past the release date any longer than necessary.

Program Statement No. 5880.28, Sentence Computation Manual (CCCA of 1984), (February 21, 1993).

Following its statutory mandate, and its policy and procedure therefrom, the BOP provided petitioner with the Form to sign prior to being released on supervision because no payment plan had been approved by the sentencing court and a substantial amount remained owed on both the special assessment and the fine. Petitioner, by refusing to sign the Form, has refused to agree to adhere to an installment schedule which would be established while on supervised release. As a result, petitioner's release has been, and will continue to be, delayed until he complies with the mandate of 18 U.S.C. § 3624(e) by signing the Form.

Contrary to petitioner's argument, he is not being held merely upon an unfounded internal BOP policy. The BOP policy and procedure are securely grounded in and authorized by the Congressional mandate of 18 U.S.C. § 3624(e). The BOP is following and carrying out the statutory duty assigned to it.

■ Petitioner's other argument, based upon U.S. v. Miller, 77 F.3d 71, 77–78 (4th Cir.1996), is that only the sentencing court has authority to set the amount and timing of fine payments, not the BOP. While petitioner's statement of law is correct, his reliance thereon is misplaced. The BOP is not setting the amount or timing of petitioner's fine payments. Only the sentencing court may do so.[2] Instead, the BOP is assuring, as statutorily mandated, that, before petitioner is released to supervision: 1) he has paid the fines in full; 2) there exists a court ordered installment plan to pay the fines; or 3) he agrees to adhere to an installment schedule to pay the fines which will be established after release.[3] Since petitioner cannot satisfy either the first or second condition, if he seeks to be released on supervision, he must satisfy the third condition by simply signing the Form. Having refused to do so, petitioner is properly being detained at FCI Morgantown, "pursuant to an Act of Congress," namely 18 U.S.C. § 3624(e).

In that the petitioner is not being held in custody in violation of the Constitution or the laws of the United States, the Court is of the opinion that his petition for a Writ of Habeas Corpus should be, and the same is hereby, DENIED.

It is so ORDERED.

Judgment shall be entered accordingly, and this action shall be DISMISSED and removed from the docket of the Court.

2. While the sentencing court retains ultimate authority, the sentencing court "may use nonjudicial officers, such as probation officers, to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." Miller, supra at 77 (footnote omitted).

3. Petitioner is taking inconsistent positions. He claims on the one hand that he will not sign the Form because it "stated no sum, no specific payments, number of payments or term in which the unspecified fine was to be paid." On the other hand, under Miller, he argues that only the sentencing court can make these determinations.

The Clerk is directed to mail a certified copy of this Memorandum Opinion and Order to the petitioner and to counsel of record.