United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

———————————

m 04-40644

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WILBERT MARTIN ARBIZU,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Southern District of Texas
m 1:04-CR-111-ALL

———————————

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:

In 2001, Wilbert Arbizu pleaded guilty of illegally reentering the United States and was sentenced to a prison term followed by a three-year term of supervised release. As a condition of the supervised release, Arbizu was not again to reenter the country illegally. In 2004, while still under supervised release, Arbizu was convicted of another illegal reentry and sentenced to a two-year prison term. Because he had violated the terms of his existing supervised release by illegally reentering, the district court revoked Arbizu's supervised release and imposed an additional one-year sentence for the 2001 illegal reentry.

Arbizu asserts that he cannot be held liable for violating the terms of his supervised release because he did not receive written notice of the conditions of the release as required by 18 U.S.C. §§ 3583(f) and 3603(1). The government concedes that it cannot prove compliance with the statutory notice requirements, but it argues that Arbizu had actual notice of his supervised release conditions despite its non-compliance and that such notice is sufficient to hold him liable for violating those conditions.

A district court may revoke a term of supervised release on finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). A district court's revocation of supervised release is reviewed for abuse of discretion. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).

Whether failure to provide written notice of the terms of supervised release automatically invalidates a revocation of such release if the defendant received actual notice of the conditions is an issue of first impression in this circuit. The statutes are silent on the question.

Every other circuit that has confronted this issue has held that the government's failure to provide the notice required by the statutes does not limit the district court's authority to revoke supervised release where the defendant had actual notice of the release terms. *See United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002); *United States v. Felix*, 994 F.2d 550, 551 (8th Cir. 1993); *United States v. Ramos-Santiago*, 925 F.2d 15, 17 (1st Cir. 1991).

Although these cases are not controlling in this circuit, the sentiments underlying their holdings are persuasive. The purpose of §§ 3583(f) and 3603(1) is to ensure that the defendant is notified of the conditions of his supervised release. Congress decided that requiring the probation officer to provide the defendant with written notice of the conditions is the best way to ensure the defendant knows what is expected of him during the supervised release period. It would be patently unfair to revoke a defendant's supervised release and send him back to prison for violating conditions of the release that he had no way of knowing existed.

Congress, however, did not decide that a defendant who does not receive the proper written notice should be immune from revocation of supervised release. A defendant who knows that his supervised release terms bar certain conduct should not be allowed to engage in that conduct and then hide behind the government's failure to follow statutory notice procedures during sentencing.

We conclude, therefore, that failure to provide written notice of the conditions of supervised release does not automatically invalidate a revocation of such release if the defendant received actual notice of the conditions imposed. Based on our review of the record, we see no reason to doubt the district court's finding that Arbizu received such actual notice.

The district court did not abuse its discretion when it revoked Arbizu's supervised release. The judgment is AFFIRMED.