United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-20224
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RUBEN CONTRERAS-LOPEZ, also known as Ruben Gonzalez,
also known as Able Gonzalez, also known as Able
Ramirez-DeLaToire, also known as Able Ramirez-
Gonzalez, also known as Able Ramirez,

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-255-1
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

In August 1999 Ruben Contreras-Lopez ("Contreras") was
convicted upon pleading guilty to illegal reentry after
deportation and was sentenced to a prison term and three years of
supervised release. The district court imposed as conditions of
supervised release that Contreras not commit another federal,
state, or local crime and that he not illegally reenter the
United States. The district court revoked Contreras's supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release in 2004 and imposed a further term of imprisonment because Contreras was again found in the United State illegally during his supervised release term.

Contreras appeals from the revocation, arguing that the district court abused its discretion because he did not receive the statutory written notice of the conditions of supervised release required by 18 U.S.C. §§ 3583(f) and 3603(1). He argues further that the error does not qualify as harmless error because he lacked actual notice of the conditions. The Government argues that we should apply plain error review because Contreras did not properly raise his argument at the revocation hearing in the district court.

The record shows that the district court correctly informed Contreras of the conditions of his supervised release, and Contreras indicated that he understood. Therefore, Contreras had actual notice. The district court did not commit error, plain or otherwise, by revoking Contreras's supervised release. See United States v. Arbizu, 431 F.3d 469, 470 (5th Cir. 2005).

AFFIRMED.