**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2006
Decided February 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2654

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 01-20017-01 |
| GENE L. SUTTON, SR., *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

In 2002 Gene Sutton was convicted of possession of marijuana with intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(D), and sentenced to 46 months' imprisonment and three years' supervised release. In December 2004, the Bureau of Prisons released Sutton from Prairie Center halfway house in Champaign, Illinois, and he began his term of supervised release. Approximately one month later, Sutton's probation officer petitioned to revoke his supervised release because he violated the conditions of that release when he failed to timely report to the probation office and left the Central District of Illinois without permission. The district court granted the petition and reimprisoned Sutton for six months, followed by an additional two years' supervised release. Sutton filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a

nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Sutton has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the sole potential issue identified by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

In his *Anders* brief, counsel considers whether Sutton could argue that he was not bound by the terms of his supervised release because he did not consent to those terms. Counsel points, in particular, to language in 18 U.S.C. § 3624(e) governing supervision after release that conditions a prisoner's release on his agreement to certain terms: "[n]o prisoner shall be released on supervision unless such prisoner agrees to adhere to an installment schedule . . . to pay for any fine imposed for the offense committed by such prisoner." Because Sutton insists he did not agree to adhere to the terms of his release, counsel asks whether the court had authority to revoke Sutton's supervised release.

Counsel correctly concludes that the plain terms of the last sentence of § 3624(e) apply only to a fine payment schedule. *See Ross v. Thompson*, 927 F. Supp. 956 (N.D.W.Va. 1996), *aff'd,* 105 F.3d 648 (4th Cir. 1997) (unpublished table decision). But no installment payment plan is at issue here.

Further, so long as Sutton received actual notice of the terms of his supervised release, the district court was authorized to revoke Sutton's supervised release for violating those terms. *See* 18 U.S.C. §§ 3583(f), 3603(1); *United States v. Arbizu*, 431 F.3d 469, 470 (5th Cir. 2005) (collecting cases). Here it is undisputed that Sutton received notice of the conditions of his release. Sutton admitted at his revocation hearing that he received a copy of the district court's April 4, 2002 judgment that set forth the terms of his supervised release, including the requirements that he report to the probation office in Urbana within 72 hours and that he obtain permission before leaving the Central District of Illinois. Sutton also signed a "Supervision Release Plan" while incarcerated that again advised him of those same terms. In addition, the government presented uncontested testimony by Prairie Center's director that he gave Sutton the Notice of Arrival and Release form setting forth the terms of his release and, when Sutton refused to sign it, verbally explained to him the conditions of his release. Sutton therefore knew that his supervised release was conditioned upon his engaging in certain conduct or refraining from other conduct, and his signature on the Notice of Arrival and Release was not necessary to make those conditions compulsory. *See, e.g., Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). Thus we agree with counsel that this argument is frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.