**UNITED STATES of America, Appellee**

v.

**Chat LOWE, Appellant.**

No. 05–3138.

United States Court of Appeals, District of Columbia Circuit.

June 1, 2006.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney's Office (USA) Criminal Appellate, Washington, DC, for Appellee.

A.J. Kramer, David W. Bos, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Washington, DC, for Appellant.

Before RANDOLPH, TATEL, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. It is

ORDERED and ADJUDGED that the district court's judgment be affirmed.

Convicted of assault under 18 U.S.C. § 111(a)(1) and D.C.Code § 22–404(a), appellant Chat Lowe was sentenced to 39 months in prison followed by one year of supervised release conditioned on, among other things, participation in mental health treatment. On March 25, 2005, he was released from custody and entered the supervised release phase of his sentence. When Lowe's probation officer informed him that a mental health evaluation had been scheduled, Lowe responded that he would not undergo any mental health treatment and that he wanted a hearing to challenge the necessity of that condition of his release. The probation officer informed the district court that Lowe had violated the terms of his release, and a hearing was scheduled before a magistrate judge, who transferred the matter to the district judge who had initially sentenced Lowe. At the July 21, 2005 hearing before the district court, Lowe conceded that he was in violation of his supervised release, but argued that it was "not appropriate for him to have mental health counseling as a component of his sentence." Hr'g Tr. 4, July 21, 2005. Rejecting this argument, the district court revoked Lowe's supervised release and sentenced him to twelve months imprisonment.

**2**

On appeal, Lowe argues that the district court abused its discretion in revoking his supervised release and imposing the twelve month prison sentence because (1) there was a "genuine dispute" regarding the validity of the mental health treatment condition, and (2) the district court failed to consider the sentencing factors identified in 18 U.S.C. § 3553(a). Appellant's Br. 2, 17–21; *see also United States v. Arbizu,* 431 F.3d 469, 470 (5th Cir.2005) (reviewing a district court's revocation of supervised release for abuse of discretion); *United States v. Frazier,* 26 F.3d 110, 112 (11th Cir.1994) (same).

Lowe's arguments have no merit. With regard to his first argument, it is wrong to suggest that a probationer's refusal to comply with a condition of supervised release is an insufficient justification for revocation just because the probationer also requests a hearing to challenge the condition, particularly when it is clear that he could have complied with the condition and challenged it at the same time. The district court's revocation decision was more than reasonable given Lowe's conceded failure to comply with the terms of his release. Lowe's second argument is amply refuted by the hearing transcript, which demonstrates that the district court carefully considered the factors identified in section 3553(a) before concluding that Lowe should return to prison for twelve months. *See* Hr'g Tr. 18–19, July 21, 2005 (discussing Lowe's "serious mental health problems," his "unwillingness to participate in what is required," and "whether or not there are … any ways to provide medical treatment that would help him in the future").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.