**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 2, 2006
Decided August 2, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4420

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Central District of Illinois |
| *v.* | No. 01-20017-01 |
| GENE L. SUTTON, SR.,<br>    *Defendant-Appellant.* | Michael M. Mihm,<br>*Judge.* |

**O R D E R**

The district court revoked Gene Sutton's supervised release for the second time and returned him to prison for a term of twelve additional months. Sutton filed a notice of appeal, but his appointed counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot find a nonfrivolous basis for the appeal. Sutton filed a "Motion for Request for Release," which we construed as his response to his attorney's motion. *See United States v. Sutton*, No. 05-4420 (7th Cir. July 6, 2006); *see also* Cir. R. 51(b). We limit our review to those potential issues identified in the brief accompanying counsel's motion and in Sutton's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In 2002 Sutton was convicted of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(D), and sentenced to 46 months'

imprisonment and three years' supervised release. Sutton served his term of incarceration and just prior to his release was given written notice of the conditions of his supervision. He refused to sign the notice because, he said, he did not consent to the conditions. Corrections officials then explained those conditions verbally. Sutton violated them almost immediately by failing to report to his probation officer within 72 hours of his release and leaving the Central District of Illinois without permission. The district court accordingly revoked his supervision and reimprisoned Sutton for six months, followed by an additional two years' supervised release. Sutton appealed, but his appointed lawyer concluded that the case was frivolous and asked to withdraw under *Anders*. We granted that motion and dismissed the appeal. *United States v. Sutton*, 2006 WL 391571 (7th Cir. Feb. 21, 2006).

Prior to the completion of Sutton's new term of imprisonment, his probation officer sent him a letter that explained the conditions of his supervised release and informed him when his first appointment to meet with her was scheduled. Sutton refused to sign and return the letter as she requested, but he was nonetheless released from custody. He again violated the terms of his release by failing to report to the probation office within 72 hours of his release, and his probation officer petitioned the court to revoke his supervised release. The district court granted the petition and this time reimprisoned Sutton for another twelve months.

In his *Anders* submission, Sutton's newest lawyer considers the same potential issue that prior counsel evaluated in the last appeal: whether it would be frivolous for Sutton to argue that the district court was powerless to revoke his supervision for violating conditions for which Sutton never gave his consent. Counsel concludes, as did we in Sutton's first appeal, that this potential issue would be frivolous because Sutton's consent to the conditions of his supervised release was not necessary for those conditions to be enforceable. Sutton received actual notice of the conditions when he was released from custody, and therefore the district court was authorized to revoke his supervised release for violating those conditions. *See* 18 U.S.C. §§ 3583(f), 3603(1); *United States v. Arbizu*, 431 F.3d 469, 470 (5th Cir. 2005) (per curiam) (collecting cases).

Sutton, in his response to counsel's submission, argues that the district court did not have jurisdiction to revoke his supervised release. He would have us believe that the district court's role ended when he was turned over to the Bureau of Prisons. But this argument is frivolous because the sentencing court retains jurisdiction to terminate, modify, or revoke an unexpired term of supervised release. *See* 18 U.S.C. § 3583(e); *United States v. Monteiro*, 270 F.3d 465, 472 (7th Cir. 2001); *United States v. Lilly*, 206 F.3d 756, 762 (7th Cir. 2000).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS this appeal.