United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40354
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO VILLALONA, also known as Quirson Eloy Gonzalez-Avalo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:01-CR-256-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In June 2001, Fernando Villalona was convicted upon pleading guilty to illegal reentry after deportation and was sentenced to a prison term and three years of supervised release. The district court imposed as conditions of supervised release that Villalona not commit another crime and that he not illegally reenter the United States. The district court revoked Villalona's supervised release in January 2006, and imposed a further term of imprisonment because Villalona was again found in the United States illegally during his supervised release term.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Villalona appeals from the revocation, arguing that the district court abused its discretion because he did not receive the statutory written notice of the conditions of supervised release required by 18 U.S.C. §§ 3583(f) and 3603(1).  He further argues that the district court's admonishment at the sentencing hearing regarding the terms of his supervised release did not constitute actual notice because it was not "clear and specific."

The record shows that the district court correctly informed Villalona of the conditions of his supervised release.  The sentencing transcript reflects that a court interpreter was present during the sentencing proceedings.  Villalona expressed no confusion at sentencing in response to the district court's explicit imposition of the supervised release conditions. Villalona's self-serving assertion that he did not understand the district court's admonishment because he does not speak English is insufficient to reverse the district court's judgment.  See United States v. Devine, 934 F.2d 1325, 1335 (5th Cir. 1991). Because Villalona had actual notice of the conditions of his supervised release, the district court did not abuse its discretion by revoking Villalona's supervised release.  See United States v. Arbizu, 431 F.3d 469, 471 (5th Cir. 2005). Accordingly, the judgment of the district court is AFFIRMED.