United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60296
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY JERMAINE DENSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CR-36-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Terry Jermaine Denson appeals from his sentence imposed
following revocation of his term of supervised release.  He was
sentenced to 14 months of imprisonment and three years of
supervised release.  Denson argues that the district court erred
by relying on hearsay evidence to determine that his supervised
release should be revoked because he had committed grand larceny
rather than petty larceny.  He asserts that his Due Process
rights were violated under Morrissey v. Brewer, 408 U.S. 471
(1972).

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Due process affords a defendant in a parole-revocation hearing "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey v. Brewer, 408 U.S. 471, 489 (1972). This due process protection applies in revocation of supervised release proceedings. United States v. McCormick, 54 F.3d 214, 221 (5th Cir. 1995). Although Morrissey recognized a right to confrontation at revocation proceedings, the right is a limited one in that revocation hearings should be flexible enough that a court may consider "material that would not be admissible in an adversary criminal trial." Morrissey, 408 U.S. at 489. Hearsay evidence is such material, hence the district court's reliance on the police report and its related credibility determination regarding Denson's mother were not abuses of discretion, see United States v. Arbizu, 431 F.3d 469, 470 (5th Cir. 2005), and the court wasn't required to allow Denson to cross-examine the author of the police report, see id.; cf. United States v. Kelley, 446 F.3d 688, 691-92 (7th Cir. 2006) (holding that Crawford v. Washington, 541 U.S. 36 (2004), which applies only to testimonial hearsay, doesn't apply to revocation proceedings); Ash v. Reilly, 431 F.3d 826, 829-30 (D.C. Cir. 2005) (same); United States v. Rondeau, 430 F.3d 44, 47-48 (1st Cir. 2005) (same); United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005) (same); United States v. Kirby, 418 F.3d 621, 627-28 (6th Cir. 2005) (same); United States v. Aspinall, 389

F.3d 332, 342-43 (2d Cir. 2004) (same); <u>United States v. Martin</u>, 382 F.3d 840, 844 n.4 (8th Cir. 2004) (same).

AFFIRMED.