169 P.3d 990

STATE of Hawai'i, Plaintiff–Appellee,

v.

Eric Kanoa SHANNON, Defendant–Appellant.

No. 27919.

Intermediate Court of Appeals of Hawai'i.

Sept. 28, 2007.

Hayden Aluli, on the briefs, Honolulu, for defendant-appellant.

Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

FOLEY, Presiding Judge, and FUJISE, J.

Opinion of the Court by FOLEY, P.J.

Defendant–Appellant Eric Kanoa Shannon (Shannon) appeals from the Judgment filed on April 6, 2006 in the District Court of the First Circuit, Kaneohe Division (district court).[1]

On appeal, Shannon argues that the district court (1) lacked jurisdiction to set aside his Deferred Acceptance of Guilty Plea (DAG plea), (2) committed reversible error when it admitted a hearsay report from Adult Client Services, (3) committed reversible error when it set aside his DAG plea without any proof that the conditions of deferral had been signed by him, (4) lacked statutory authority to impose a DAG plea requirement that he remain arrest-free, (5) abused its discretion when it refused to convert his 40 hours of community service to a fine, and (6) abused its discretion when it refused to continue the hearing on the State's motion to set aside Shannon's DAG plea to afford defense counsel additional time to obtain a transcript of Shannon's change of plea.

## I.

On November 18, 2004, the State of Hawai'i (the State) orally arraigned and charged Shannon with one count of Criminal Trespass in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 708–814(1)(a) (Supp.2004). Shannon entered a plea of not guilty. On February 11, 2005, Shannon changed his plea to guilty as charged and made an oral motion for a DAG plea. The district court granted Shannon's DAG plea motion, over the State's objection, with spe-

cial conditions that he remain arrest-and conviction-free, perform 40 hours of community service work, and pay a $25 fee. The district court scheduled a proof-of-compliance hearing for January 27, 2006.

On January 27, 2006, Shannon appeared before the district court, at which time the State made an oral motion to set aside Shannon's DAG plea. The district court referred Shannon to the Office of the Public Defender and continued the hearing. On March 24, 2006, Shannon failed to appear before the district court, and the court continued the hearing to April 6, 2006.

At the April 6, 2006 hearing, the State argued that Shannon had violated his special conditions by not remaining arrest-free [2] and not performing his 40 hours of community service work. Based on Shannon's failure to remain arrest-free and to complete his 40 hours of community service, the district court granted the State's motion to set aside Shannon's DAG plea. The district court filed its Judgment on April 6, 2006, and Shannon filed a Notice of Appeal on April 28, 2006.

## II.

"[S]etting aside, or revoking, a DAG plea is properly within the discretion of the trial court. Generally, to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of the party litigant." *State v. Kaufman*, 92 Hawai'i 322, 326–27, 991 P.2d 832, 836–37 (2000) (internal quotation marks and citations omitted).

## III.

**The district court erred in setting aside Shannon's DAG plea because Shannon did not receive a written copy of the conditions of his DAG plea.**

1. Per diem District Court Judge T. David Woo, Jr. presided.

2. On August 12, 2005, in the Circuit Court of the First Circuit (circuit court), Shannon was charged with Theft in the Fourth Degree and violating a temporary restraining order. On September 29, 2005, Shannon was charged with another count of Criminal Trespass in the Second Degree (which the district court dismissed with prejudice). And on February 3, 2006, Shannon was charged in the circuit court with Kidnapping and Terroristic Threatening.

■ Shannon argues on appeal that this court must reverse because the State cannot proffer evidence that he signed and was provided a written copy of the conditions of his DAG plea, as mandated by HRS § 706–624(3) (1993). Section 706–624(3) provides that *"[t]he defendant shall be given a written copy of any requirements imposed pursuant to this section, stated with sufficient specificity to enable the defendant to guide the defendant's self accordingly."* (Emphasis added). Hawaii Revised Statutes § 853–1(b) (Supp.2006) [3] incorporates and permits courts accepting DAG pleas to impose any conditions enumerated in HRS § 706–624. *State v. Dannenberg,* 74 Haw. 75, 82, 837 P.2d 776, 779 (1992) ("HRS § 853–1(b) permits the court to impose any conditions on … DAG pleas enumerated in HRS § 706–624, the statute permitting the court to attach certain conditions to sentences of probation or the suspension of a sentence."); *Kaufman,* 92 Hawai'i at 329, 991 P.2d at 839 ("[B]y its express terms, the provisions of HRS § 706–624 are exported and incorporated by reference into HRS § 853–1.").

The State submits that Shannon's receipt of actual, oral notice at the February 11, 2005 hearing was sufficient.[4] However, the State's contention is wrong in light of this court's decision in *State v. Lee,* 10 Haw.App. 192, 862 P.2d 295 (1993). In *Lee,* this court reversed a circuit court's decision revoking Lee's probation for violation of a probation condition on the ground that Lee was never given a written copy of the conditions of his probation:

> The intent [of HRS § 706–624] is to provide the defendant with notice of what is expected of him in a form which will not escape his memory.

3. Hawaii Revised Statutes § 853–1(b) (Supp. 2006) provides in relevant part:

> § 853–1 **Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.**
>
> ....
>
> (b) The proceedings may be deferred upon any of the conditions specified by section 706–624.

4. The February 11, 2005 district court calendar reflects that the district court orally apprised Shannon of his special conditions.

. . . .

The requirement of HRS § 706–624(3) that a defendant be provided with a written statement of the conditions of his probation also provides assurance that a defendant will know the exact terms and conditions of his probation before his probation can be revoked for failure to comply with the terms and conditions.

*Id.* at 198, 862 P.2d at 298.

In the instant case, there is no evidence in the record that Shannon received a written copy of his conditions. Shannon contends he did not receive a written copy, and the State does not contend otherwise.

## IV.

The Judgment filed on April 6, 2006 in the District Court of the First Circuit, Kaneohe Division, is vacated, and this case is remanded for further proceedings consistent with this opinion. Because we vacate and remand, Shannon's other points on appeal are moot.

NAKAMURA, J., Dissenting.

**Dissenting Opinion by NAKAMURA, J.**

The record indicates that Defendant–Appellant Eric Kanoa Shannon was present in court, was represented by counsel, and received oral notice of the conditions of his deferred acceptance of guilty (DAG) plea.[1] Shannon does not contend that the district court failed to give him oral notice of the DAG conditions, nor does he contend that he was unaware of those conditions. Instead, relying on *State v. Lee,* 10 Haw.App. 192, 862 P.2d 295 (1993), Shannon claims that because he did not receive written notice of the DAG conditions, the district court could not revoke

1. As noted by the majority, the district court calendar reflects that the district court orally apprised Defendant–Appellant Eric Kanoa Shannon of the conditions of his deferred acceptance of guilty (DAG) plea when it granted his motion for a DAG plea. The calendar also reflects that Shannon was present and represented by counsel at that hearing.

his DAG plea for violating the DAG conditions.

In my view, a defendant who has actual notice or knowledge of the condition of a DAG plea should not be allowed to avoid punishment for violating those conditions simply because the defendant was not provided with written notice. Accordingly, I dissent from the majority's decision to invalidate the revocation of Shannon's DAG plea because he did not receive a written copy of his DAG conditions.

I acknowledge that my view is inconsistent with this court's decision in *Lee*. This court held in *Lee* that the defendant's probation could not be revoked where the defendant had actual, but not written, notice of the conditions of his probation. *Id.* at 197–98, 862 P.2d at 297–98. This court based its decision upon Hawaii Revised Statutes (HRS) 706–624(3) (Supp.1992), which provided:

> Written statement of conditions. The defendant shall be given a written copy of any [conditions of probation], stated with sufficient specificity to enable the defendant to guide the defendant's self accordingly.

*Lee*, 10 Haw.App. at 197–98, 862 P.2d at 297–98.

I disagree with *Lee*, however, and would follow the approach taken by the federal courts under similar circumstances. Federal law requires that defendants sentenced to a term of supervised release [2] be provided with written notice of the conditions of release. Section 3583(f) of Title 18, United States Code, provides:

> **Written statement of conditions.**—The court shall direct that the probation officer *provide the defendant with a written statement* that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

(Emphasis added.) In addition, Section 3603(1) of Title 18, United States Code, provides:

> A probation officer shall—
>
> (1) instruct a probationer or a person on supervised release, who is under his supervision, as to the conditions specified by the sentencing court, and *provide him with a written statement* clearly setting forth all such conditions[.]

(Emphasis added.)

Federal courts have been confronted with the question of whether the failure to provide the defendant with written notice of the conditions of supervised release, as required by statute, automatically invalidates the trial court's revocation of the defendant's supervised release. In *United States v. Arbizu*, 431 F.3d 469 (5th Cir.2005), the United States Court of Appeals for the Fifth Circuit noted that every other circuit court to address this issue had held that the "government's failure to provide the notice required by the statutes does not limit the [trial] court's authority to revoke supervised release where the defendant had actual notice of the release terms." *Id.* at 470. The Fifth Circuit joined the other circuits, explaining its reasoning as follows:

> The purpose of [18 U.S.C.] §§ 3583(f) and 3603(1) is to ensure that the defendant is notified of the conditions of his supervised release. Congress decided that requiring the probation officer to provide the defendant with written notice of the conditions is the best way to ensure the defendant knows what is expected of him during the supervised release period. It would be patently unfair to revoke a defendant's supervised release and send him back to prison for violating conditions of the release that he had no way of knowing existed.
>
> Congress, however, did not decide that a defendant who does not receive the proper written notice should be immune from revocation of supervised release. A defendant violates a condition of supervised release, the court may (and for certain conditions must) revoke the term of supervised release and require the defendant to serve an additional period of incarceration. *Id.*

---

**2.** The term of supervised release is served following the defendant's term of incarceration. 18 U.S.C. § 3583. The sentencing court imposes conditions to which the defendant must comply while on supervised release. *Id.* If a defendant

who knows that his supervised release terms bar certain conduct should not be allowed to engage in that conduct and then hide behind the government's failure to follow statutory notice procedures during sentencing.

We conclude, therefore, that failure to provide written notice of the conditions of supervised release does not automatically invalidate a revocation of such release if the defendant received actual notice of the conditions imposed.

*Id.* at 471.

I find this reasoning persuasive and therefore disagree with the majority's decision to automatically invalidate the revocation of Shannon's DAG plea because he did not receive written notice of his DAG conditions. I conclude that Shannon's other points of error do not warrant overturning the judgment entered by the district court. Accordingly, I respectfully dissent.