STEWART, Circuit Judge,
dissenting:
Although the panel majority and I view this case according to the same jurisprudential landscape, our perspective on the disposition of this appeal differs. Accordingly, I dissent.
The Supreme Court has long recognized that there exists a right to cross-examine and confront adverse witnesses in a parole revocation hearing. Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 *281 L.Ed.2d 484 (1972). This due process protection is afforded to individuals in supervised release proceedings, as well. McCormick, 54 F.3d at 221. Yet, in revocation hearings, the right is not so absolute such that it rises to the same protections afforded to defendants in adversarial criminal proceedings; for instance, a district court presiding over a revocation hearing “may consider material that would not be admissible in .... a criminal trial.” Morrissey, 408 U.S. at 489, 92 S.Ct. 2593. Morrissey states that “there is no thought to equate this .... stage of parole revocation to a criminal prosecution .... the process should be flexible.” Id. In fact, Morrissey explains that in the parole revocation context, a parolee accused of committing another crime is subject to revocation hearings (versus new prosecutions) “because of the procedural ease of recommitting the individual on the basis of a lesser showing by the State.” Id. at 479, 92 S.Ct. 2593. So, parolees are entitled to decidedly less procedural due process than them “traditional” criminal defendant counterparts. We find reversible error based on due process when the evidence upon which the district court relied lacks an indicia of reliability. United States v. Kindred, 918 F.2d 485, 486 (5th Cir.1990).
Here, the record demonstrates that the district court was aware of the legal standard applicable to Justice’s parole revocation hearing. Moreover, the district court concluded that Kindred’s requirement of an indicia of reliability was present. The district court received Fort Worth Police Officer Christianson’s police report and implicitly concluded that it had an indicia of reliability from Officer Cespedes’s testimony, who responded to the scene and gathered evidence. The court was also persuaded by the testimony of Justice’s probation officer, Jaime Espinosa, which revealed certain admissions placing Justice in the known drug house where dozens of grams of crack cocaine were found in plain view, and where an additional 31 grams were recovered after breaking apart a toilet in the bathroom where Justice was immediately before he was physically arrested in a nearby bedroom. It was probably not lost on the district court that the drug house had an extensive surveillance camera system focused on the entry of the home. Justice would have been well aware of the purpose of the camera when he entered the drug house. Additionally Chastity Jefferson — an occupant of the house at the time of the police raid— submitted a statement to the police. Jefferson’s statement to police was admitted and the district court concluded Officer Cespedes’s testimony gave Jefferson’s statement an indicia of reliability. This was not a case of mistaken identity — Jefferson’s statement identified Justice based on a distinct article of clothing: orange shorts.
The record also reveals that the district court was made aware of the similarities this case shared with our unpublished decision in United States v. Denson, 224 Fed.Appx. 417 (5th Cir.2007). Like the district court, I find it persuasive. Here, Justice argues that despite Denson, the district court’s reliance on Christianson’s police report — and its denial to him of the right to cross-examine an interest adverse to his— was in error. Justice persists and directs this court to McCormick’s requirement that the district court make a finding of good cause in order to vindicate his procedural due process rights. I do not agree with this incomplete reading of McCormick. McCormick states, “[t]he failure to make such a finding on the record can constitute error that is not harmless.” McCormick, 54 F.3d at 220 (emphasis added). McCormick counsels that we need not remand to make explicit that which is implicit. Id. at 221. Here, McCormick *282 does not imply a violation of Justice’s due process.
As this court has explained, a failure to make a good cause determination is harmless error where good cause exists, its basis found in the record, and its finding implicit in the court’s ruling. United States v. Grandlund, 71 F.3d 507, 510 (5th Cir.1995). A review of the revocation hearing supports the finding that the Grandlund framework was satisfied, and that the due process rights to which Justice was entitled were not violated as a consequence. Thus, the absence of an explicit good cause determination was harmless error as the finding was implicit in the district court’s ruling.
In United States v. Minnitt we held that what is required for the revocation of supervised release “is enough evidence to satisfy the district judge that the conduct of the petitioner [did not meet] the conditions” of supervised release. 617 F.3d 327, 335-36 (5th Cir.2010). In this case, the evidence adduced at the parole revocation hearing revealed that Justice was voluntarily present in a known crack house where large quantities of drugs were regularly sold; that he possessed a firearm; and, that he associated himself with persons engaged in criminal activities, among others, all in contravention of the terms of his supervised release. Put another way, this was not as close a case as Justice would have us believe. The police report and all of the evidence adduced at the revocation hearing consistently underscored the violations alleged against Justice. Indeed, there was no contrary evidence presented. After considering the totality of the evidence, the district court properly exercised its discretion in overruling Justice’s objections. Minnitt supports affirmance and our conclusion that the district court did not violate Justice’s procedural due process. Thus, in my opinion, no constitutional infirmity exists and remand is not necessary.
Because I view this case through the same prism as did the learned district court, I respectfully dissent.