# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40467
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLAUDIA MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1068

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Claudia Martinez appeals the district court's decision revoking her supervised release which followed her conviction for transporting illegal aliens for private financial gain. *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005). Martinez pleaded true to associating with a felon; however, she denied committing the new law violation of possession with the intent to distribute marijuana (and conspiracy to do so), or associating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with a person engaged in criminal activity.  She argues on appeal that the evidence failed to establish that she knew of the marijuana hidden in the spare tire of the vehicle driven by her to the border patrol checkpoint.  Our review is for an abuse of discretion.  *United States v. Arbizu*, 431 F.3d 469, 470 (5th Cir. 2005).

Martinez's nervousness at the border patrol checkpoint is circumstantial evidence of her guilty knowledge.  *See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999).  The inconsistency in her statements during questioning also is circumstantial evidence of guilty knowledge.  *See United States v. Mendoza*, 522 F.3d 482, 489-90 (5th Cir. 2008).

Martinez's contention that the district court should not have considered her prior smuggling conviction in making its revocation decision is without merit.  *See United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995) (noting that revocation hearings are not part of the criminal prosecution and are not formal trials); *see also* § 3583(e) (noting that a district court may revoke supervised release after considering the factors set forth in section 18 U.S.C. § 3553(a)(1)).  Contrary to Martinez's assertion, the core facts of the prior smuggling attempt were substantially similar to the facts advanced by the Government in the instant proceedings.

In sum, Martinez has not shown that the district court abused its discretion in concluding that it was more likely than not that she participated in the marijuana-possession offense and associated with a person engaged in illegal activity.  *See Hinson*, 429 F.3d at 118-19; *Arbizu*, 431 F.3d at 470.  Accordingly, the judgment of the district court is AFFIRMED.