**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4256**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL CRANDALE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  Malcolm J. Howard, Senior District Judge.  (2:95-cr-00009-H-1)

Submitted:  June 13, 2017                                Decided:  June 15, 2017

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Crandale Williams appeals the district court's judgment revoking his term of supervised release and imposing a four-month sentence for failing to follow the instructions of the probation officer. For the reasons set forth below, we affirm.

The district court may revoke supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3) (2012). We review the district court's revocation decision for abuse of discretion. *United States v. Padgett,* 788 F.3d 370, 373 (4th Cir. 2015).

After Williams completed his federal sentence, he was transferred to the Pennsylvania Department of Corrections to serve an undischarged state sentence. Williams claims that he was unaware that he remained subject to federal supervised release upon completion of his state sentence. On appeal, he first argues that neither the probation office for the Eastern District of Pennsylvania (EDPA) nor the probation office for the Eastern District of North Carolina (EDNC) provided him with a written statement of the conditions of his supervised release as required by 18 U.S.C. § 3583(f) (2012) (providing that district court shall direct probation officer to provide defendant with a written statement setting forth conditions of supervised release) and 18 U.S.C. § 3603(1) (2012) (providing that probation officer shall instruct a person on supervised release "as to the conditions specified by the sentencing court, and provide him with a written statement clearly setting forth all such conditions"). Upon review, we find this claim without merit. The conditions of supervised release were clearly delineated in the original criminal judgment, *see United States v. Ramos-Santiago,* 925 F.2d 15, 16-17 (1st Cir. 1991), and in any event, Williams

2

had actual notice that he was under supervision and that he was required to follow the instructions of the probation officer, *see United States v. Arbizu,* 431 F.3d 469, 471 (5th Cir. 2005) (holding that "failure to provide written notice of the conditions of supervised release does not automatically invalidate a revocation of such release if the defendant received actual notice of the conditions imposed").

Williams next argues that he should not have been imprisoned for failing to follow the instructions of an EDPA probation officer as the EDPA office lacked jurisdiction to enforce the terms of his supervision. We review for plain error because Williams did not raise this issue before the district court. *See Henderson v. United States,* 568 U.S. 266, __, 133 S. Ct. 1121, 1124-25 (2013) (reaffirming that unpreserved error is to be reviewed under plain error standard). To "correct a forfeited error," Williams must show "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." *Henderson,* 133 S. Ct. at 1126 (alteration and internal quotation marks omitted). Even if these requirements are met, we will notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1126-27 (alteration and internal quotation marks omitted).

Contrary to Williams' claim, the EDPA probation office did not seek to enforce the terms of his supervised release. Rather, it was the EDNC probation office—the office that retained jurisdiction over his case—that sought revocation in this case. Moreover, we find no clear error in the district court's finding that Williams violated the terms of his supervised release by failing to follow the instructions of the probation officer. *See Padgett,* 788 F.3d at 373 (reviewing factual findings underlying a supervised release

3

revocation for clear error).  At the revocation hearing, a probation officer for the EDNC testified that he spoke with Williams by telephone on October 5, 2016, and specifically instructed him that he was on supervised release and had to comply with the orders of the court. We conclude that Williams fails to demonstrate plain error, let alone plain error "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *Henderson,* 133 S. Ct. at 1126-27.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*