Concurring and Dissenting Opinion to Part I by
RECKTENWALD, C.J.,
in which Circuit Judge TRADER joins.
I respectfully dissent from the majority’s conclusion that a conviction for Electronic Enticement of a Child in the First Degree does not require the State to prove that the defendant used a computer or electronic device to agree to meet a purported minor.[1]
*400 The majority holds that HRS § 707-756 does not require proof that the defendant used a computer or other electronic device to (1) agree to meet with the minor, or (2) travel to the meeting place. Majority opinion at 387, 389-91, 319 P.3d at 306, 308-10. I concur with the latter conclusion, since it would be absurd to interpret the statute as requiring a defendant to use a computer or electronic device to travel to the meeting place. However, I respectfully disagree with the former conclusion, since requiring that the agreement be made by computer or other electronic device is neither absurd, nor contrary to the legislature’s purpose in enacting the statute. Accordingly, I respectfully dissent from that portion of the majority’s analysis. I would instead hold that the circuit court erred in failing to instruct the jury that the State was required to prove that McKnight used a computer in agreeing to meet with Chyla.
“[T]he fundamental starting point for statutory-interpretation is the language of the statute itself.” First Ins. Co. of Haw. v. A & B Props., 126 Hawai'i 406, 414, 271 P.3d 1165, 1173 (2012). At the time of the incident at issue here, HRS § 707-756(1) (Supp. 2006) provided, in relevant part:
Electronic enticement of a child in the first degree.
(1) Any person who, using a computer or any other electronic device:
(a) Intentionally or knowingly communicates:
(i) With a minor known by the person to be under the age of eighteen years;
(ii) With another person, in reckless disregard of the risk that the other person is under the age of eighteen years, and the other person is under the age of eighteen years; or
(iii) With another person who represents that person to be under the age of eighteen years; and
(b) With the intent to promote or facilitate the commission of a felony:
(i) That is a murder in the first or second degree;
(ii) That is a class A felony; or
(iii) That is an offense defined in section 846E-1;
agrees to meet with the minor, or with another person who represents that person to be a minor under the age of eighteen years; and
(c)Intentionally or knowingly travels to the agreed upon meeting place at the agreed upon meeting time;
is guilty of electronic enticement of a child in the first degree.
Thus, the statute requires the State to prove that the defendant, “using a computer or any other electronic device,” did three things: (1) intentionally or knowingly communicated with a minor or purported minor, (2) agreed to meet with that minor or purported minor with the intent of promoting or facilitating the commission of certain felonies, and (3) intentionally or knowingly traveled to the agreed upon meeting place. As the majority acknowledges, given the placement of “a computer or any other electronic device” requirement in the introductory sentence of the statute, it appears that the requirement applies to all three actions subsequently identified in subsections (a) to (c). Majority opinion at 389, 319 P.3d at 308. That analysis of the plain language of the statute, absent more, should be the end of our inquiry. See, e.g., State v. Yamada, 99 Hawai'i 542, 553, 57 P.3d 467, 478 (2002) (“[Ijnasmueh as the statute’s language is plain, clear, and unambiguous, our inquiry regarding its interpretation should be at an end.”).
However, it is well-settled that “departure from a literal construction of a statute ⅛ justified when such construction would produce an absurd ... result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act.’ ” Estate of Roxas v. Marcos, 121 Hawai'i 59, 67, 214 P.3d 598, 606 (2009) (citations omitted); Morgan v. Planning Dep’t, *401 104 Hawai'i 173, 185, 86 P.3d 982, 994 (2004) (same). In the case of subsection (c), the literal application of the language leads to an absurd result: one cannot literally use a computer to physically travel anywhere.[2] Accordingly, since the application of the “computer or any other electronic device” requirement to subsection (c) would lead to an absurd result, see Morgan, 104 Hawai'i at 185, 86 P.3d at 994, I agree with the majority that the circuit court did not err in failing to instruct the jury on that issue.
However, as the majority notes, there is nothing absurd about applying that requirement to subsection (b) of the statute, i.e., requiring the State to prove that the defendant used a computer or other electronic device when agreeing to meet with the minor or purported minor, since it is quite possible to use a computer in that manner. See majority opinion at 389, 319 P.3d at 308. Nevertheless, the majority further concludes that applying the requirement would be “inconsistent with the overall statutory structure of HRS § 707-756.” Majority opinion at 390, 319 P.3d at 309.
I respectfully disagree with that conclusion. There is nothing incoherent about requiring the State to prove that a computer or other electronic device was used to reach the agreement to meet. To the contrary, imposing that requirement is consistent with the legislature’s understanding of the purpose of the statute as reflected in the title of section 707-756, which is “Electronic enticement of a child in the first degree.” (Emphasis added). Cf. Moyle v. Y & Y Hyup Shin, Corp., 118 Hawai'i 385, 412, 191 P.3d 1062, 1089 (2008) (Acoba, J., concurring) (“As to the purpose of the [Uniform Contribution Among Tortfea-sors Act], which is also pertinent to the construction of its language, the title of the statute—the Uniform Contribution Among Tortfeasors Act—clearly indicates to whom it is applicable.” (internal citation omitted)); see also Almendarez-Torres v. United States, 523 U.S. 224, 234, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (stating that “the title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute” (citations and quotation marks omitted)).
As the title of section 707-756 indicates, the legislature intended that the “enticement” be undertaken by “electronic” means. It is therefore consistent with that intent to require that a computer or other electronic device be used to accomplish the actions described in subsection (b). Indeed, those actions (an agreement to meet with a minor or purported minor with the intent to promote or facilitate the commission of various felonies) closely track the common understanding of “enticement,” which is “[t]he act or an instance of wrongfully soliciting or luring a person to do something.” Black’s Law Dictionary 611 (9th ed. 2009); see also id. at 612 (defining “enticement of a child” as “[t]he act or offense of inviting, persuading, or attempting to persuade a child to enter a vehicle, building, room, or secluded place with the intent of committing an unlawful sexual act against the child”).
By contrast, under the majority’s approach, the State only would need to show that the defendant used a computer or other electronic device to “communicate” with the minor or purported minor at some point. Respectfully, that interpretation easts a much wider net of culpability than the legislature intended when it criminalized “[e]lee-tronic enticement” in section 707-756. Under the majority’s interpretation, a defendant (for example, a sports coach or music instructor) who communicates with a minor online with no criminal intent, and who then interacts with that child in person for years before finally developing an unlawful intent and agreeing in person to meet the child to further that intent, could be guilty of violating section 707-756. While such a person’s actions would be deplorable, they would not appear to constitute the “electronic enticement” that the legislature sought to criminalize in this statute.
*402 The majority cites to the legislative history in support of its interpretation of the statute; indeed, the majority begins its analysis by attempting to determine the statute’s purpose in light of its legislative history. Majority opinion at 387-89, 319 P.3d at 306-08. Respectfully, I disagree with the majority’s approach. Although it is true that this court has, on occasion, appeared to suggest that legislative history can be used to overcome the plain language of a statute, see State v. Wells, 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (“[I]n determining the purpose of the statute, we are not limited to the words of the statute to discern the underlying policy which the legislature seeks to promulgate but may look to relevant legislative history.” (quotation marks, ellipses, brackets and citation omitted)), the weight of our decisions recognizes that the starting point of our analysis should be the plain language, and that the analysis ends there unless the language is ambiguous or certain other circumstances (such as the application of the plain language resulting in an absurdity) exist. See, e.g., Yamada, 99 Hawai'i at 553, 57 P.3d at 478; State v. Richie, 88 Hawai'i 19, 30, 960 P.2d 1227, 1238 (1998) (“It is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning.”); State v. Smith, 103 Hawai'i 228, 234, 81 P.3d 408, 414 (2003) (noting that “our sole duty is to give effect to the statute’s plain and obvious meaning”) (citation and quotation marks omitted); State v. Dudoit, 90 Hawai'i 262, 271, 978 P.2d 700, 709 (1999) (“Even where the Court is convinced in its own mind that the Legislature really meant and intended something not expressed by the phraseology of the Act, it has no authority to depart from the plain meaning of the language used.”). Respectfully, no such circumstances exist here. The application of the computer or other electronic device requirement to subsection (b) of the statute does not result in an absurdity, and is consistent with the purpose of the statute as reflected in the section’s title.
However, even assuming for purposes of argument that the statute is somehow ambiguous and that resort to the legislative history is therefore appropriate, that history nonetheless supports the understanding of the purpose of the section that is reflected in its title, “Electronic enticement.” When the legislature enacted section 707-756 in 2002, the House Judiciary and Hawaiian Affairs committee stated that the purpose of the legislation was to deter crimes against minors by, inter alia, “[cjreating two new offenses of first and second degree electronic enticement of a child, which prohibit the use of a computer or other electronic device to lure a minor to a meeting with intent to commit a fe!ony[.]” H. Stand. Comm. Rep. No. 417, in 2002 House Journal, at 1399 (emphasis added). Similarly, the Senate Judiciary Committee noted that “the use of the Internet to entice children into meetings has become widespread and current laws do not specifically address using computers to communicate with minors for purposes of committing crimes.” S. Stand. Comm. Rep. No. 3131, in 2002 Senate Journal, at 1498 (emphases added). The Senate Health and Human Services Committee further stated the following with regard to the electronic enticement legislation:
This measure would close that loophole, and would allow sex offenders to be investigated and prosecuted before they commit a kidnapping or other crime. One method of investigation that has been successful in arresting sex offenders before a child is hurt has been sting operations in which the sex offender’s intended victim is actually a police officer posing as a minor in chat rooms or E-mail communications. Once the sex offender agrees to meet the child and goes to the meeting place, the offender is arrested. However, the sex offender’s defense to attempted sexual assault is often the defense of impossibility because the person posing as a child was not actually a child. Therefore, it is important to criminalize the sex offender’s predatory computer behavior, so that the offender can be prosecuted for what the offender has actually done, as opposed to what the offender may have been trying to do.
S. Stand. Comm. Rep. No. 2867, in 2002 Senate Journal, at 1384 (emphasis added).
*403 In sum, the legislative history clearly establishes that the legislature intended to criminalize “predatory computer behavior” involving “lur[ing]” or “entic[ing]” minors to meet for unlawful purposes. However, under the majority’s interpretation, a defendant could be convicted even if his or her use of the computer was completely innocent. Thus, the legislative history does not support the majority’s reading of the statute nor the circuit court’s jury instructions with regard to the agreement to meet element.
For all these reasons, I conclude that the circuit court plainly erred in failing to instruct the jury that the State was required to prove that McKnight used a computer or other electronic device to agree to meet with Chyla for illicit purposes.
“[Ojnee instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant’s conviction, i.e., that the erroneous jury instruction was not harmless beyond a reasonable doubt.” State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006).
Here, the State did not argue that any error in this respect was harmless, and it does not readily appear from the record that McKnight only used electronic devices to agree to meet with Chyla. Accordingly, it would appear that the erroneous jury instruction was not harmless beyond a reasonable doubt. Therefore, I would vacate McKnight’s conviction.

. However, as stated infra, I concur in the majority’s conclusion that the Electronic Enticement of a Child statute does not require a defen *400 dant to use a computer or electronic device to travel to an agreed-upon meeting place. Majority opinion at 389, 319 P.3d at 308.

. Although McKnight argues that we should read the statute as simply requiring that a computer be used in some way to facilitate the travel (such as to purchase tickets online), that is not how the statute is drafted; rather, it requires that the defendant "use[]” a computer or other electronic device to travel to the meeting place.